612 P.2d 1311

STATE of New Mexico,
Plaintiff-Appellee,

v.

Andrew Angelo RUFFINO,
Defendant-Appellant.

No. 12782.

Supreme Court of New Mexico.

June 24, 1980.

Ruffino had been arrested on a minor charge. Pursuant to police regulations, Officer Quintana began to inventory the contents of the car prior to its being towed. He first inventoried the interior of the car and then using the keys, obtained by another officer from Ruffino, opened and inventoried items in the trunk. The items in the trunk included grocery bags, clothing, a radio, repair items and a twelve-gauge shotgun with shells. The inventory completed, Officer Quintana returned all items to the trunk and locked the car. The car was then towed to a wrecking yard and secured. Later Officer Quintana returned with a search warrant and seized the shotgun and shells. Prior to the inventory search of the car, Officer Quintana had no knowledge or reason to suspect that Ruffino had been involved in any killing or that the search would produce items that would so implicate him.

I.

The inventory search[1] of Ruffino's car was done without a warrant. Warrantless searches are permissible under the Fourth Amendment, as applied to the states by the Fourteenth Amendment, if they fall within one of the exceptions to the warrant requirements. Three of the exceptions, plain view, probable cause plus exigent circumstances, and search incident to a lawful arrest, were set forth in *State v. Gorsuch*, 87 N.M. 135, 529 P.2d 1256 (Ct.App.1974). We also recognize at least three others, consent (*State v. Bidegain*, 88 N.M. 384, 540 P.2d 864 (Ct.App.1975)), hot pursuit (*State v. Moore*, 92 N.M. 663, 593 P.2d 760 (Ct.App. 1979), *rev'd on other grounds*, 88 N.M. 466, 541 P.2d 971 (1979)), and inventory searches (*State v. Vigil*, 86 N.M. 388, 524 P.2d 1004 (Ct.App.1974), *cert. denied*, 86 N.M. 372, 524 P.2d 988 (1974), *cert. denied*, 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975)).

The overwhelming majority of state and federal courts have concluded that inventory searches are constitutionally permissible.

Martha A. Daly, Asst. App. Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy L. Pacheco, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

Defendant Andrew Ruffino was convicted for the first-degree murder of Don Johnson. He appeals claiming two errors. During the trial the court denied Ruffino's motion to suppress evidence taken in the search of his car. Ruffino also claimed prejudice because of statements made by the assistant district attorney during closing argument. We affirm.

On February 26, 1979, Officer Quintana of the Albuquerque Police Department was called to assist in the impoundment of a motor vehicle belonging to Ruffino, after

---

1. Although some courts have held that a mere inventory search of a vehicle is not a search under the Fourth Amendment, *Haerr v. United States*, 240 F.2d 533 (5th Cir. 1957); *see State v. All*, 17 N.C.App. 284, 193 S.E.2d 770, 772 (1973), *cert. denied*, 414 U.S. 866, 94 S.Ct. 51, 38 L.Ed.2d 85 (1973), the rule adopted by this Court is that it is a search under the Fourth Amendment but that it falls within an exception to the warrant requirement.

See, *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), for a comprehensive listing of state and federal cases. Because of the inherent mobility of vehicles, inventory searches of cars have been upheld, where similar searches of houses, or other fixed locations have not. *See Opperman, supra; Cardwell v. Lewis*, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). There is a reduced expectation of privacy in cars, *see Opperman, supra*, and police officers have "extensive, and often noncriminal contact with automobiles [which] will bring local officials in 'plain view' of evidence, fruits, or instrumentalities of a crime, or contraband." (Citation omitted.) *Dombrowski* at 442, 93 S.Ct. at 2528. This contact reduces the expectation of privacy in automobiles. *Opperman* at 368, 96 S.Ct. at 3096.

■ We accept the following requirements for an inventory search: (1) The vehicle to be inventoried must be in police control and custody. *Dombrowski, supra; State v. Vigil, supra.* Custody of the vehicle must be based on some legal ground and there must be some nexus between the arrest and the reason for the impounding. *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964);[2] *United States v. Lawson*, 487 F.2d 468 (8th Cir. 1973). (2) The inventory must be made pursuant to established police regulations. *See Opperman, supra; Dombrowski, supra.* Although *Lawson, supra*, held that the existence of police regulations should have no bearing in determining the reasonableness of the search, such regulations serve to control and proscribe the limits of such searches. (3) Searches must be reasonable. U.S.Const. Amend. IV; *Opperman, supra; Cooper v. California*, 386 U.S. 58, 86 S.Ct. 1348, 16 L.Ed.2d 357 (1967). Generally courts have upheld inventory searches as reasonable if they are made to further one of two purposes, either the protection of the owner's property (*United States v. Mitchell*, 458 F.2d 960 (9th Cir. 1972)), or to protect police from false claims or potential danger (*Cooper, supra; United States v. Kelehar*, 470 F.2d 176 (5th Cir. 1972)). If during an inventory search evidence of a crime is discovered, a search warrant should normally be obtained prior to seizing the evidence. *See Dombrowski, supra.*

■ We hold that the initial search was valid and also hold that the entry into the trunk was equally valid. *Dombrowski, supra; United States v. Edwards*, 577 F.2d 883 (5th Cir. 1978), *cert. denied*, 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978); *State v. Vigil, supra.* But see *Larson, supra. Vigil* held that items need not be in plain sight to be subject to an inventory search. To forbid entry into trunks as part of an inventory search would frustrate the very purpose of the inventory, since the trunk is a likely place for valuables to be stored.

## II.

The second issue to be decided by this Court is whether certain statements made by the prosecutor during closing argument so prejudiced the jury as to require a new trial. We feel they did not.

Although several allegedly improper statements are complained of, only one was objected to at trial. This Court has consistently held that unless a timely objection is made to an allegedly improper comment it will not be reviewed. *See State v. Seaton*, 86 N.M. 498, 525 P.2d 858 (1974); *State v. Riggsbee*, 85 N.M. 668, 515 P.2d 964 (1973); *State v. Victorian*, 84 N.M. 491, 505 P.2d 436 (1973). Only one statement by the prosecutor is reviewable as having been objected to. It is argued that this statement by the prosecutor[3] involved three errors:

---

**2.** That case has been severely limited in its holding by *Dombrowski, supra.*

**3.** "Mr. Taylor [defense counsel] then tells you that Angelo Ruffino stands here telling you that he didn't do the crime—he didn't commit the crime. First of all, he's not standing and second of all, he hasn't told you anything. Now let me tell you something: Mr. Taylor tells you that his client didn't testify in this case because there wasn't anything he could have told you. How about Rosie? Back, uh, when he was arrested, the person he was with— where's Rosie? She's not here. She didn't testify. He didn't testify because he's guilty, that's why. And not because he didn't have any evidence."

(1) He referred to the defendant's failure to testify, (2) he referred to his failure to present witnesses, and (3) he indicated a personal belief that the defendant was guilty.

Generally, reference by the prosecutor to the defendant's silence will be reversible error. As stated in *State v. Lara,* 88 N.M. 233, 236, 539 P.2d 623, 626 (Ct.App. 1975), following the precedent established in *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), "we will no longer weigh the prejudicial impact of improper questions concerning defendant's silence. If defendant's silence lacks significant probative value, any reference to defendant's silence has an intolerable prejudicial impact requiring reversal." While we recognize and accept the foregoing principle, we also recognize that the defense cannot with impunity refer to their own lack of testimony. The defendant here concedes in his reply brief that the reference by the prosecutor to the defendant's failure to testify was invited by his own closing argument. That the prosecutor can refer to the defendant's failure to testify if the door is opened by the defense, is well supported by case law. *See State v. Gutierrez,* 78 N.M. 529, 433 P.2d 508 (Ct.App.1967); *State v. Peris,* 76 N.M. 291, 414 P.2d 512 (1966).

The only remaining question is whether the reference to the defendant's failure to call witnesses or the indication of the prosecutor's personal belief of the defendant's guilt, have the cumulative effect of prejudicing the jury. We hold that it did not.

While the reference to personal belief in closing argument is of questionable ethical propriety, it is not always reversible error. See *State v. Seaton, supra; State v. Polsky,* 82 N.M. 393, 482 P.2d 257 (Ct.App. 1971), *cert. denied,* 82 N.M. 377, 482 P.2d 241 (1971). However, given the proper factual setting, it may be. *See State v. Leyba,* 89 N.M. 28, 546 P.2d 876 (Ct.App.1976), *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976).

The reference to the defendant's failure to call a witness was not so extreme, in this case, as to constitute reversible error. The prosecutor, as well as the defense, has reasonable latitude in closing arguments, *State v. Riggsbee, supra; State v. Pace,* 80 N.M. 364, 456 P.2d 197 (1969), and the trial court has wide discretion in dealing with and controlling closing argument. *State v. Pace, supra.* Here the statements, neither individually nor cumulatively, reached the level of prejudicial error, especially in view of the fact that defense counsel opened the area for discussion and the trial court gave adequate warnings and instructions. *See State v. Aull,* 78 N.M. 607, 435 P.2d 437 (1967), *cert. denied,* 391 U.S. 927, 88 S.Ct. 1829, 20 L.Ed.2d 668 (1968).

We affirm.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY and FEDERICI, JJ., concur.