642 P.2d 186

**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Skip R. FOREMAN, Defendant-Appellee.**

**No. 5477.**

Court of Appeals of New Mexico.

Jan. 5, 1982.

Rehearing denied Jan. 18, 1982.

Certiorari Quashed March 12, 1982.

Jeff Bingaman, Atty. Gen., Santa Fe, David Eldon Douglas, Dist. Atty., Anthony Carl Porter, Asst. Dist. Atty., Truth or Consequences, for plaintiff-appellant.

Lawrence M. Pickett, Las Cruces, for defendant-appellee.

## OPINION

WOOD, Judge.

The State appeals the trial court's order suppressing evidence. The question presented is whether a police officer is required to obtain a search warrant before he may seize contraband discovered during a valid inventory search. See *State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980). The trial court concluded that he must. We disagree and reverse.

The following facts are undisputed. Officer Riedemann stopped defendant for speeding. Being aware that there was an outstanding warrant for defendant's arrest, the officer placed defendant under arrest. Defendant was placed in the police car. The officer then called a wrecker to tow defendant's truck. Prior to the arrival of the tow truck, the officer proceeded to inventory the personal property in the truck pursuant to established police regulations. An unsealed, but closed, cowboy boot box was on the passenger side floor of the truck. The officer opened the box to inventory its contents. The box contained cocaine, paraphernalia and a gun. The officer immediately seized these items. Defendant was charged with trafficking, i.e., possession with intent to distribute this cocaine.

Defendant moved to suppress the evidence seized by Officer Riedemann. The trial court found that defendant was lawfully arrested pursuant to the previously issued warrant, and that the inventory was properly conducted under *State v. Ruffino*, supra. In addition, the trial court found "[t]hat pursuant to the inventory that he was conducting, Officer Reideman [sic] uncovered the box for the purpose of inventorying the contents * * *." However, the trial court suppressed the evidence because "a search warrant should have been obtained when Officer Reideman [sic] discovered the contraband."

Our calendar assignment proposed summary reversal. The basis of the calendar assignment was that the officer lawfully opened the cowboy boot box pursuant to a valid inventory and, upon seeing the contraband, he could properly seize it under the "plain view" doctrine. *State v. Miller*, 80 N.M. 227, 453 P.2d 590 (Ct.App.1969).

█ Defendant has timely filed a memorandum opposing summary disposition. Defendant urges this Court to rule that the officer did not, in good faith, arrest the defendant on the strength of the outstanding warrant nor, in good faith, conduct his inventory in accordance with established procedure. It is admitted that the officer testified that he stopped the defendant for speeding, arrested him on account of the warrant, and that the inventory was required by written police policy. It was for the trial court to assess the officer's credibility. *State v. Bloom*, 90 N.M. 192, 561 P.2d 465 (1977). The trial court's findings as to the legality of the events leading up to the seizure of the evidence are supported by substantial evidence. Thus summary disposition of the appeal, on the basis of the trial court's legal conclusion, is appropriate.

The question is whether Officer Riedemann, upon discovering what appeared to him to be a controlled substance, was required to obtain a search warrant prior to actually seizing this evidence.

█ This question arises because the Supreme Court, in *State v. Ruffino*, supra, said: "If during an inventory search evidence of a crime is discovered, a search warrant should normally be obtained prior to seizing the evidence." The fact that the evidence in this case was contraband removes this case from the warrant requirement which might normally otherwise apply. Because the quoted statement from *Ruffino*, supra, does not apply to the facts

in this case, we have not considered situations to which *Ruffino,* supra, applies. Nor have we considered whether, in *Ruffino,* supra, the Supreme Court was stating a rule of constitutional dimension or simply expressing a preference for the obtaining of a warrant in circumstances other than those found in the present case.

*Ruffino,* supra, involved personal belongings not necessarily criminal in nature. The inventory in *Ruffino,* supra, included grocery bags, clothing and a gun with ammunition. These items, standing alone, did not suggest that they might be evidence of a crime. In this case, the inventory process resulted in the discovery of contraband, the possession of which is prohibited by law. In our opinion, *Ruffino,* supra, did not overrule the holding in *Miller,* supra, that contraband in "plain view" may be seized without a search warrant.

The Fourth Amendment guarantees that people will not be subjected to unreasonable searches and seizures. A different interest is violated by an unreasonable search than is violated by an unreasonable seizure. The proscription against unreasonable searches protects expectations of privacy. E.g., *State v. White,* 94 N.M. 687, 615 P.2d 1004 (Ct.App.1980). The proscription against unreasonable seizures protects notions of possession. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (White, J., concurring and dissenting).

Defendant's privacy expectations in the cowboy boot box were lawfully breached by the inventory search. No purpose would be served, in terms of defendant's privacy expectations, in requiring a search warrant to view the items within the cowboy boot box. *Ruffino's* warrant requirement may have been meant to protect a person's possessory interest in his belongings. In *Ruffino,* supra, the items for which a warrant was obtained were Ruffino's personal possessions. These items were not subject to seizure unless there was probable cause, as defined in R.Crim.Proc. 17, for believing these items were obtained or possessed in a manner constituting a criminal offense, were the means of committing an offense or were material evidence in a criminal prosecution. In this case, the cocaine was not an item which defendant had a lawful right to possess. As *Miller,* supra, notes, a statute makes such possession unlawful. It was reasonable for the officer to seize the cocaine without a search warrant.

Furthermore, under the circumstances of this case, no search warrant was required to seize the gun and paraphernalia which were in the same cowboy boot box as the cocaine. The touchstone of the Fourth Amendment is reasonableness. See *State v. Luna,* 93 N.M. 773, 606 P.2d 183 (1980). It was reasonable for the officer to seize all the contents of the cowboy boot box when the contents were contraband and items used to distribute and protect the contraband.

The issues decided are limited to those ruled upon by the trial court. Pursuant to *State v. White,* supra, we have not considered whether the search could be upheld as a search incident to arrest under *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

The order of suppression is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.