743 P.2d 113

**STATE of New Mexico, Petitioner,**

v.

**Andrew FERGUSON, Respondent.**

No. 17232.

Supreme Court of New Mexico.

Sept. 23, 1987.

Hal Stratton, Atty. Gen., Patricia Frieder, Asst. Atty. Gen., Santa Fe, for petitioner.

Jacquelyn Robins, Chief Public Defender, Lynn Fagan, Appellate Defender, Santa Fe, for respondent.

**OPINION**

SCARBOROUGH, Chief Justice.

This case is before us on certiorari to the Court of Appeals. We reverse the Court of Appeals and the trial court.

Respondent was lawfully confined to the Western New Mexico Correctional Facility following his arrest on charges of burglary and larceny of a clothing store in Truth or Consequences. A co-defendant informed an investigator from the district attorney's office that respondent was wearing a pair of boots stolen during the burglary. The investigator informed corrections facility authorities that respondent was believed to be in possession of stolen property and gave a description of the boots. Respondent was called to the office of a prison official and was observed to be wearing boots that matched the description given by the investigator. The boots were seized from respondent.

Respondent filed a motion to suppress use of the boots as evidence against him in the burglary case. The trial court conducted a hearing and granted the motion to suppress. The trial court based its decision on the following undisputed findings: (1) the seizure was instigated by the prosecu-

tor for the purpose of obtaining evidence for the upcoming trial; (2) no exigent circumstances existed to justify the warrantless procedure; (3) the prosecutor's office had probable cause to seize the boots; (4) the seizure was not incident to a lawful arrest; and (5) prison officials seized the boots only at the direction of the prosecutor, without independent knowledge that the boots constituted evidence of the crime. The Court of Appeals affirmed.

The issue before us is whether the trial court and Court of Appeals erred in concluding that the boots were subject to suppression as evidence where prison officials had reasonable grounds to suspect that the boots were stolen property, where respondent was wearing the boots in plain view, and where prison officials seized the boots without first obtaining a warrant. The trial court and Court of Appeals erred.

The Fourth Amendment protects individual privacy. *Warden v. Hayden*, 387 U.S. 294, 304, 87 S.Ct. 1642, 1648, 18 L.Ed.2d 782 (1967). The United States Supreme Court has said that "a jail shares none of the attributes of privacy of [such constitutionally protected areas as] a home, an automobile, an office, or a hotel room." *Lanza v. New York*, 370 U.S. 139, 143, 82 S.Ct. 1218, 1221, 8 L.Ed.2d 384 (1962). More recently, in *Hudson v. Palmer*, 468 U.S. 517, 538, 104 S.Ct. 3194, 3206, 82 L.Ed.2d 393 (1984) (O'Connor, J., concurring), Justice O'Connor cited *Lanza* in a concurring opinion for the proposition that "[t]he fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects." Thus, when the boots were worn in plain view in an area of, at best, narrow constitutional protection, it is apparent that the respondent had no expectation of privacy whatsoever. Consequently, the warrantless seizure of the boots was proper and the trial court erred in suppressing them as evidence.

Moreover, suspected stolen goods in plain view may be seized without a warrant. *See State v. Foreman*, 97 N.M. 583, 642 P.2d 186 (Ct.App.), *cert. quashed*, 98 N.M. 51, 644 P.2d 1040 (1982). Since the boots were suspected stolen goods, worn in plain view, their warrantless seizure was proper and the trial court erred in suppressing them as evidence.

We do not agree with the majority of the Court of Appeals that a warrantless seizure by prison officials of items meeting the description of stolen goods in plain view requires exigent circumstances. Plain view seizures are clearly distinguished from exigent circumstances seizures. *See State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980). The Court of Appeals apparently considered itself bound by the trial court's finding that "no exigent circumstances existed to justify the warrantless procedure." A finding of fact induced by a misunderstanding of the law, however, cannot stand on appeal. *Walker v. L.G. Everist, Inc.*, 102 N.M. 783, 701 P.2d 382 (Ct.App.1985). Therefore, the Court of Appeals erred in affirming the trial court.

We reverse the trial court and the Court of Appeals.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, WALTERS and RANSOM, JJ., concur.