793 P.2d 1343

**STATE of New Mexico,<br>Plaintiff–Appellee,**

v.

**Douglas Edwin BOSWELL,<br>Defendant–Appellant.**

**No. 10844.**

Court of Appeals of New Mexico.

Nov. 16, 1989.

Certiorari Granted Jan. 23, 1990.

Hal Stratton, Atty. Gen. and Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Daniel R. Marlowe, Marlowe & Marlowe, P.C., Taos, for defendant-appellant.

## OPINION

BIVINS, Chief Judge.

Defendant pled guilty to the charge of attempt to commit the felony of possession of a controlled substance with intent to distribute, while reserving his right to appeal the denial of the motion to suppress evidence. From a judgment and sentence entered on the guilty plea, defendant appeals, raising one issue: whether the warrantless search and seizure of defendant's wallet, produced for the purpose of identification at the time of his arrest but left behind when he was taken to the police station for booking, violated his fourth amendment rights. We hold that it did and reverse and remand. Defendant raised one other issue in the docketing statement but did not argue it in his brief; it is therefore deemed abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.1985).

Apprehended in a grocery store for shoplifting, store personnel took defendant to the store manager's office. The personnel detained defendant in the office until a police officer arrived. In compliance with the officer's request for identification, defendant removed his driver's license from his wallet. The officer discovered evidence of shoplifting while conducting a pat-down search of defendant. The officer arrested defendant and transported him to the police

station, where he was booked. Defendant inquired about his wallet, and it was determined that defendant had left it at the store manager's office. Defendant requested that he be allowed to make arrangements to have a friend pick up the wallet. The officer refused and returned to the store to retrieve it himself. Although recognizing the wallet immediately, the officer looked inside to make sure it belonged to defendant. After confirming that it did, the officer proceeded to search the wallet in order to inventory its contents. He found white cards, which tested positive for LSD.

The state charged defendant with attempt to commit the felony of possession with intent to distribute. The district court denied defendant's motion to suppress the evidence obtained from the search of his wallet. Defendant pled guilty and pursues this appeal to challenge that ruling.

■ Warrantless searches are permissible if they fall within one of the recognized exceptions to the warrant requirements. *See State v. Ruffino,* 94 N.M. 500, 612 P.2d 1311 (1980). The state argues that the search in this case falls within two of those exceptions: a search incident to arrest and an inventory search.

■ The search incident to arrest exception to the warrant requirement arose out of the possible danger that a person arrested might be concealing a weapon, or that evidence of the crime might be destroyed or concealed. It has been held reasonable for the arresting officer to conduct a warrantless search of the arrestee's person and the area within his immediate control in order to safeguard himself and others, and to prevent the loss of evidence. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This search is confined to the area within the immediate control of the defendant. *See State v. Kaiser,* 91 N.M. 611, 577 P.2d 1257 (Ct.App. 1978). The search must also be a contemporaneous incident of the arrest. *New York v. Belton,* 453 U.S. 454, 101 S.Ct.

2860, 69 L.Ed.2d 768 (1981). Thus, a search incident to an arrest must be promptly conducted.

■ Under the facts of this case, we do not believe that the search of defendant's wallet was incident to his lawful arrest for shoplifting. The search of the wallet was conducted after defendant had been arrested and taken to the police station. The wallet was no longer within his immediate control. There was no longer a reasonable fear that defendant would obtain a weapon from the wallet or seek to destroy or conceal evidence. *Cf. United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (search of a footlocker not justified as a search incident to an arrest where search was remote in time or place from the arrest and no exigency existed).

Furthermore, a period of time had elapsed between defendant's arrest and removal to the police station and the officer's return and search of the wallet. The state argues that if the wallet could legally be searched at the time defendant was arrested, then it could be searched later. The cases cited by the state do not support that argument. The cases are not truly search incident to arrest cases, but rely on inventory search analysis. In all of the cases cited by the state, the items searched were continuously within the control of either defendant or the police and were searched after defendant was in custody. *See, e.g., United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *United States v. McEachern,* 675 F.2d 618 (4th Cir.1982). We do not agree with the state's argument that if the search would have been valid at the time of arrest, a later search was also valid. *Cf. State v. Billias,* 17 Conn.App. 635, 555 A.2d 448 (1989) (search of defendant's gym bag at station house could not be justified as a valid search incident to arrest, even though search might have fallen under exception had it been conducted when bag was seized from car at time of arrest on highway).

■ The state also argues that the search was proper as an inventory search.

Inventory searches have been upheld as reasonable because they are done for the purposes of protecting the owner's property and protecting the police from subsequent claims of lost or stolen property, or potential danger. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *State v. Ruffino.* We agree that, once arrested and removed to the police station, an arrestee is subject, in accordance with established inventory procedures, to a complete search of his person and any property upon his person. *Illinois v. Lafayette,* 462 U.S. 640, 648, 103 S.Ct. 2605, 2610, 77 L.Ed.2d 65 (1983). The problem in this case is that the wallet was not on defendant's person at the time he was booked. If the wallet had been in defendant's pocket at the time he was booked, it could have been properly searched pursuant to an inventory. *See id.* Inventory, however, cannot be used as the reason to search the wallet when it was not part of the effects on his person at the time of booking. *See* discussion in 2 W. LaFave, *Search and Seizure* § 5.5(b), at 536 (2d ed. 1987) (police inventory of possession of arrestee presupposes that police had valid reason for taking custody of that object).

While New Mexico courts have not addressed the precise question presented in this appeal, one supreme court decision involving inventory of an automobile merits brief discussion. In *State v. Williams,* 97 N.M. 634, 642 P.2d 1093, *cert. denied,* 459 U.S. 845, 103 S.Ct. 101, 74 L.Ed.2d 91 (1982), the supreme court upheld an inventory search of a defendant's automobile, which had been left near the scene of the arrest. The court held that there are four requirements for a constitutional inventory search: (1) the vehicle to be inventoried is in police control or custody; (2) the inventory is made pursuant to established police regulations; (3) the search is reasonable; and (4) there is a reasonable nexus between the arrest and the reason for custody of the property. Even if the evidence supported the first three of these requirements, we hold that a reasonable nexus did not exist for the police officer to return to take custody of the wallet. There is. no evidence the police officer suspected that evidence of the crime of shoplifting was concealed in the mislaid wallet.

▪ Although not argued by the parties, Judge Donnelly's separate dissenting opinion proposes the inevitable discovery rule would itself justify affirmance. We cannot properly consider theories not presented by the briefs or the pleadings. *In re Doe,* 93 N.M. 540, 650 P.2d 824 (1982); *State v. Thomson,* 79 N.M. 748, 449 P.2d 656 (1969). Nevertheless, we will address this point raised by the dissent. It posits that, since the wallet was in defendant's possession at the time of arrest and would inevitably have been discovered during a routine inventory search at the police station had defendant not left the wallet at the store, it was not improper for the officer to search the wallet when he returned to retrieve it at the store. We do not believe the inevitable discovery rule can be applied to the facts and circumstances of this case.

First, for the exception to apply, the prosecution must show by a preponderance of the evidence that the contraband would inevitably have been discovered by independent lawful means. *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). In order to make that showing, the state would have had to prove that the store owner ultimately would have found the wallet and turned it in to the police, and that the police would then have inventoried its contents. The state made no such showing. In fact, the unchallenged facts reflect that the wallet was discovered through defendant's inquiry at the police station during booking.

Second, we believe that the principal case relied on in the dissent, *United States v. Andrade,* 784 F.2d 1431 (9th Cir.1986), is distinguishable. In that case, the defendant's garment bag accompanied him to the police station; here, it was left behind. In *Andrade,* the police had a right, if not a responsibility, for their own protection, to search the bag as part of their inventory of the defendant's belongings. Here, in con-

trast, there was no such obligation. Once defendant requested that a friend pick up the wallet, the police had no further responsibility for its loss. We hold that the inevitable discovery rule could not apply to the facts of this case as a matter of law.

The search of defendant's wallet without a warrant is not supported by either exception argued by the state. Therefore, any evidence obtained pursuant to that search should have been suppressed. Defendant's conviction is reversed and the case is remanded for further proceedings. *See State v. Post,* 109 N.M. 177, 783 P.2d 487 (Ct.App.1989) (remand for trial rather than dismissal appropriate where evidence disallowed on appeal).

IT IS SO ORDERED.

MINZNER, J., concurs.

DONNELLY, J., dissents.

DONNELLY, Judge (dissenting).

I respectfully dissent.

The dispositive issue on appeal is whether the trial court erred in denying defendant's motion to suppress evidence of controlled substances found in defendant's wallet, where the wallet was in defendant's possession at the time of his arrest, but was left by him at the scene of his arrest and was retrieved and searched after he was incarcerated. I would affirm the ruling of the trial court denying suppression of the evidence.

After defendant's initial detention for suspected shoplifting in a grocery store by store personnel, the police were summoned. Upon the arrival of a police officer, the officer requested that defendant produce some identification. The defendant complied by removing his driver's license from his wallet and handing the license to the officer. Defendant was then searched and evidence of shoplifting was found on his person. Thereafter, defendant was arrested and transported to the police station where he was booked and incarcerated.

At the hearing on defendant's motion to suppress, defendant testified that after the officer asked him at the store for identification, instead of replacing the wallet in his pocket, defendant placed it on top of a file cabinet in the store manager's office and then forgot to take it with him to the police station. After his arrival at the station the defendant asked the officer if he had defendant's wallet. The officer responded that he did not.

Defendant then told the officer that he had left his wallet at the store and requested that he be allowed to make arrangements to have a friend pick up his wallet and keep it until he was released. The officer declined to allow someone else to pick up the wallet, and instead, returned to the store and retrieved the wallet. After returning to the store the officer located the wallet and opened it in order to verify that it belonged to the defendant. During the search of defendant's wallet the officer discovered that it contained LSD. The officer testified that he also examined the contents of the wallet to ascertain whether it contained any money, to protect against claims of theft, and so that any valuables could be inventoried. The officer also testified that police department regulations required securing any property or money in possession of the individual at the time of his arrest so that it could be inventoried.

The trial court's denial of the motion to suppress was supported by evidence presented at the suppression hearing. A warrantless search and seizure is permissible if it is shown to fall within one or more of the recognized exceptions to the warrant requirements. *See State v. Ruffino,* 94 N.M. 500, 612 P.2d 1311 (1980). Here, the arresting officer testified that he searched the wallet in order to avoid any claim that the wallet or its contents had been misappropriated, and presented evidence that it was in fact departmental policy to inventory valuable property taken from an arrestee. In the case of a lawful arrest a full search of the person is an exception to the warrant requirement of the fourth amendment. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

The majority decision declares that the search of the wallet was not a valid inventory search because the wallet was not "part of the effects on his person at the time of booking," and that "the search of defendant's wallet was [not] incident to his lawful arrest for shoplifting." The facts, however, presented at the suppression hearing were such that the trial court could reasonably determine that the search of defendant's wallet occurred substantially contemporaneously with his arrest so that it was proper as a search incident to defendant's arrest or alternatively that it constituted a valid inventory search. As observed in *United States v. Edwards*, 415 U.S. 800, 803, 94 S.Ct. 1234, 1237, 39 L.Ed.2d 771 (1974), "searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention." *See Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983) (upholding inventory search of personal effects incident to booking and jailing suspect). Similarly, the author in 2 W. LaFave, *Search and Seizure* Section 5.3(a) (2d ed. 1987), observes that in post-*Edwards* decisions, many courts have consistently upheld on

> incident-to-arrest grounds * * * that at the station the police may search through the arrestee's pockets, wallet, [or] other containers ... [and] may seize incriminating objects thereby revealed. It is not necessary that there be advance probable cause that such objects will be found. Indeed, it may be said more generally that the courts assume that this search may be just as extensive as could have been made * * * at the scene of the custodial arrest, and this is so *even where the arrestee's access to the object of the search was terminated between the time of arrest and the time of the search.* That is, the scope of the search at the station is not limited to items *then* in the "immediate control" of the defendant; *it is sufficient that the items were on his person at the time of arrest.* [Emphasis added.]

Nor, is it required that an "inventory" search be carried out solely at the time of booking or at the police station. *See Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). In *Bertine* the Court stated that their opinion in *Lafayette* did not suggest that the station-house setting was critical to their holding in that case. *See United States v. Edwards; United States v. Simpson*, 453 F.2d 1028 (10th Cir.1972) (search of wallet at time of defendant's arrest upheld even though incriminating objects unrelated to the offense for which he was arrested were discovered). In *Edwards* the Court held that effects in the possession of a defendant at the time of arrest, including defendant's clothing, may lawfully be subjected to search and seizure "even though a substantial period of time has elapsed between the arrest * * * and the taking of property." *Id.* 415 U.S. at 807, 94 S.Ct. at 1239. *Edwards* also observed:

> [O]nce the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the "property room" of the jail, and at a later time searched and taken for use at the subsequent criminal trial. The result is the same where the property is not physically taken from the defendant until sometime after his incarceration.

*Id.* at 807–08, 94 S.Ct. at 1239.

The fact that the defendant left the wallet in the store manager's office did not mandate that a search warrant be obtained as a prerequisite to its retrieval or inspection. *See United States v. Basurto*, 497 F.2d 781 (9th Cir.1974) (search incident to

arrest conducted of defendant's wallet thirty minutes after his arrest, held valid, where facts indicated wallet was taken from him at time of arrest but was left on dashboard of officer's car); *United States v. Rega,* 496 F.Supp. 101 (S.D.N.Y.1980) (affirming inventory search at DEA headquarters of defendant's purse following her arrest).

Other courts have sustained police search and seizure of an arrestee's wallet either on the basis of an inventory search or search incident to his arrest. *See United States v. Gardner,* 480 F.2d 929 (10th Cir.1973) (upholding inventory search of defendant's wallet shortly after arrest to safeguard police from claims of theft); *Alston v. United States,* 518 A.2d 439 (D.C. App.1986) (upholding validity of search incident to arrest of defendant's tote bag for possible shoplifting despite fact that security officer's search was not carried out immediately upon defendant's apprehension); *Roseborough v. United States,* 86 A.2d 920 (D.C.1951) (upholding right of police officer to inventory contents of wallet either lost or abandoned); *State v. Schaffer,* 467 So.2d 1349 (La.Ct.App.1985) (search incident to arrest of wallet and seizure of LSD therefrom upheld where evidence disclosed defendant attempted to deliberately leave wallet at scene of arrest); *People v. Wright,* 88 App.Div.2d 879, 452 N.Y.S.2d 594 (1982) (inventory search of pocketbook found on floor of bar held valid); *Swain v. State,* 621 P.2d 1181 (Okla.1980) (upholding legality of inventory search of wallets after suspects were taken into custody). *See generally* Annotation, *Lawfulness of Warrantless Search of Purse or Wallet of Person Arrested or Suspected of Crime,* 29 A.L.R.4th 771 (1984); Annotation, *Modern Status of Rule as to Validity of Nonconsensual Search and Seizure Made Without Warrant After Lawful Arrest as Affected by Lapse of Time Between, or Difference in Places of, Arrest and Search,* 19 A.L.R.3d 727 (1968).

Moreover, since it is undisputed that the wallet was in defendant's possession at the time he was arrested and would have been inevitably discovered during a routine inventory search at the police station had defendant not left the wallet in the grocery store at the scene of the arrest, it was not improper for the officer to inspect and search the wallet when he returned to retrieve it from the place where defendant had been arrested. *See State v. Corneau,* 109 N.M. 81, 781 P.2d 1159 (Ct.App.1989) (upholding police warrantless seizure of wallet of alleged victim where facts indicated it was subject to inevitable discovery exception).

In *United States v. Andrade,* 784 F.2d 1431 (9th Cir.1986), the court considered contentions similar to those raised by the defendant herein. There, at the time of his arrest by DEA agents, Andrade was carrying a garment bag. The officers did not search the bag immediately and instead waited for the arrival of drug detection dogs. Approximately an hour later, following a dog search, which did not alert police to any contraband, the police opened the bag and discovered a package of cocaine contained therein. The contraband was not seized, but was left in the garment bag. Thereafter, defendant was taken to a DEA office and booked and the bag was inventoried. On appeal from denial of defendant's motion to suppress, the circuit court upheld the search and seizure observing:

> We hold that even if the [initial search] was unlawful, the cocaine was admissible because it would have been inevitably discovered through a routine inventory search.
>
> . . . .
>
> The inevitable discovery doctrine is an exception to the exclusionary rule. *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). For the exception to apply, the prosecution must show by a preponderance of the evidence that the contraband or other material seized would have been discovered inevitably by lawful means. Id. at 444, 104 S.Ct. at 2509. We adopted the *Nix* standard in *United States v. Merriweather,* 777 F.2d 503, 506 (9th Cir.1985).

The scope of a permissible inventory search is controlled by *Illinois v. Lafayette,* 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). It is not " 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures." *Id.* at 648, 103 S.Ct. at 2611.

*Id.* at 1433.

The court in *Andrade* held that the government met its burden of establishing that the search and seizure came within a valid exception to the search warrant requirement and that the prosecutor "properly showed that the cocaine would have been discovered through a lawful procedure." *Id.* The court further stated that defendant's transfer to the DEA's holding facility for processing was inevitable, and that a subsequent routine booking search of his belongings, including the garment bag, would have inevitably disclosed the existence of cocaine.

At the hearing on the motion to suppress, the defendant testified that he did not know that his wallet contained LSD. Defendant also stated that he told the officer that he wanted to have a friend pick up his wallet from the store. From these facts the trial court could reasonably determine that the defendant purposely left the wallet at the place of arrest to avoid a search of its contents. Since the trial court was the fact finder, I find no error in the trial court's ruling.

Under the facts herein, the trial court's motion to suppress was not error. I would affirm the ruling of the trial court.