This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                    **NO. 28,926**

**DANIEL L. HARRISON,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

McGarry Law Office
Kathleen McGarry
Glorieta, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

     Defendant appeals his conviction for two counts of trafficking cocaine in

violation of NMSA 1978, Section 30-31-20(A)(3) (1990) (amended 2006). Defendant pleaded guilty to the charges and appeals the district court's denial of his motions to suppress the evidence obtained during the search of the car Defendant had been driving when he was arrested. Defendant argues on appeal (1) that the district court erred in ruling that the inventory search exception to the warrant requirement applied to the search of the car Defendant had been driving when arrested; (2) that even if the initial search of the car was valid under the inventory search exception, the seizure of the evidence was nonetheless invalid because the police needed to obtain a warrant in order to seize the contraband once it was discovered during the initial search; and (3) that the Clovis Police Department policies governing impounding and inventorying vehicles are invalid under the Fourth Amendment. We hold that neither the search of the car Defendant was driving nor the seizure of crack cocaine found in the car violated Defendant's Fourth Amendment rights and therefore affirm. Because the Clovis Police Department policies in question are not part of the record on appeal, we do not address Defendant's argument that they violate the Fourth Amendment.

**BACKGROUND**

On February 4, 2006, Defendant was driving in the area of Perdue and Martin Luther King in Clovis with two other passengers. Officer Tony Bosque observed Defendant turn at the intersection of Perdue and Martin Luther King without stopping

and pulled Defendant over in the Allsup's parking lot at 21st Street and Martin Luther King. Defendant did not give Officer Bosque a driver's license and provided the officer with a false name, social security number, and birth date. Officer Bosque was having trouble confirming Defendant's identity from the information Defendant provided. While Officer Bosque was writing citations for Defendant, he noticed Defendant, who was now outside the car, throw something into the back seat of the car. Officer Bosque called for additional units in order to help ascertain Defendant's identity and investigate what Defendant had thrown into the car.

Detectives J.T. Lara and Roman Romero responded to the call. Detective Romero discovered Defendant's true identity through a police database and informed Defendant that he was being arrested for concealing his identity. The registered owner of the car was ascertained to be Mike White, who was not present at the scene. It is unclear what, if any, efforts were made to contact Mr. White. Because the registered owner was not present and the driver was being arrested, the officers had the car towed to the police station for the owner to pick it up. In accordance with Clovis Police Department policy, the officers then performed an inventory search of the car. During this search, the officers discovered both crack cocaine and marijuana in the vehicle, which were seized.

Defendant filed two motions to suppress the crack cocaine evidence, both

including arguments that the officers violated Defendant's Fourth Amendment rights because the officers should have released the car to one of the passengers, a licensed driver, rather than impounding it. Defendant argued that because the decision to impound the car was improper, the inventory search of the car was also unjustified. Defendant further argued that, even if the inventory search of the car was proper, the officers were required under the Fourth Amendment to obtain a warrant before seizing the cocaine. Both motions were denied. Defendant entered a plea of guilty to two counts of cocaine trafficking conditioned on his right to appeal the district court's denial of his motions to suppress the crack cocaine. Defendant appeals the denial of the motions to suppress on the grounds that the search was not a proper inventory search because it was not in accordance with an established police policy, that the subsequent seizure of crack cocaine could only have been proper if the officers had first acquired a warrant, and that Clovis Police Department policies for impounding and inventorying vehicles violate the Fourth Amendment.

**PROPRIETY OF THE INVENTORY SEARCH**

"Appellate review of a motion to suppress presents a mixed question of fact and law." *State v. Herrera*, 2010-NMCA-006, ¶ 7, 147 N.M. 441, 224 P.3d 668. We review the facts for substantial evidence and the district court's application of the law to those facts de novo. *State v. Montaño*, 2009-NMCA-130, ¶ 11, 147 N.M. 379, 223

P.3d 376. Although searches may be reasonable without the police first acquiring a warrant, our Supreme Court has long expressed a preference that police obtain warrants prior to searches. *See State v. Gomez*, 1997-NMSC-006, ¶ 36, 122 N.M. 777, 932 P.2d 1. Nevertheless, our Supreme Court has recognized several exceptions to the warrant requirement, including an exception for inventory searches of vehicles in police custody. *See State v. Duffy*, 1998-NMSC-014, ¶ 61, 126 N.M. 132, 967 P.2d 807 (outlining the exceptions to the warrant requirement recognized in New Mexico). In order for a warrantless inventory search to be permissible under the Fourth Amendment, three requirements must be met: (1) the vehicle must be in police control and custody, (2) the scope and procedure for the inventory must be in accordance with established police regulations, and (3) the search must be reasonable. *State v. Ruffino*, 94 N.M. 500, 502, 612 P.2d 1311, 1313 (1980). Because the inventory search in this case meets these requirements, the inventory search did not violate Defendant's Fourth Amendment rights.

For the purposes of the first prong of the *Ruffino* test, "[c]ustody of the vehicle must be based on some legal ground and there must be some nexus between the arrest and the reason for the impounding." *Id.* Defendant was driving the car when he was pulled over and eventually arrested for concealing his identity. The registered owner of the car was not present at the scene, and the officers were unable to contact him.

Defendant's arrest provided the legal basis for impounding the car, and the need to protect the car and its contents until the car could be returned to the registered owner provided the nexus between the impounding and the inventory search. Notwithstanding, Defendant contends that it was improper for the officers to impound the car when they could have released it to one of the other passengers of the car instead. Defendant cites no authority for this proposition. We therefore assume none exists and decline to address Defendant's unsupported arguments. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. . . . Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.").

The inventory in this case was performed in accordance with established police procedures of the Clovis Police Department. Detective Lara and Officer Bosque both testified that it was standard procedure for Clovis police officers to inventory any vehicle that had been impounded. Defendant does not refute this fact, but rather interprets this prong of the *Ruffino* test, as informed by *Colorado v. Bertine*, 479 U.S. 367 (1987), as requiring that the initial decision to impound the vehicle be governed by standard police procedures that minimize officer discretion. In *Bertine*, the United States Supreme Court held that a decision to impound a vehicle and perform an

inventory search did not need to be entirely outside of an officer's discretion, "so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Id.* at 375. Defendant contends that the decision to impound the car and perform the inventory was motivated by the officers' suspicion that Defendant had attempted to conceal something in the car. This assertion presented a question of fact that was decided in this case, and we review the district court's decision in this regard under a substantial evidence standard. *Montaño*, 2009-NMCA-130, ¶ 11. Under substantial evidence review, "the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party." *Concerned Residents of Santa Fe N., Inc. v. Santa Fe Estates, Inc.*, 2008-NMCA-042, ¶ 68, 143 N.M. 811, 182 P.3d 794 (internal quotation marks and citation omitted). At the motion hearing, Detective Lara and Officer Bosque both testified that Clovis Police Department policies and procedures mandate impounding a vehicle when the driver is arrested and the vehicle's owner cannot be found. None of the occupants of the car Defendant was driving was the registered owner of the car, and none of the occupants provided any contact information for the registered owner to the officers. A reasonable factfinder could have concluded, as the district court did, that the decision to impound the car was based on criteria other than the desire to further

7

investigate a crime. As a result, the inventory was reasonable.

**SEIZURE OF CRACK COCAINE**

Defendant nevertheless argues that *Ruffino* sets out a requirement that a search warrant be obtained prior to seizures during an inventory search, such that the officers' failure to do so in this case requires suppression of the crack cocaine. **[BIC 18]** We agree with Defendant that *Ruffino* does express a preference for obtaining a warrant prior to making seizures during an inventory search. *See Ruffino*, 94 N.M. at 502, 612 P.2d at 1313 ("If during an inventory search evidence of a crime is discovered, a search warrant should normally be obtained prior to seizing the evidence."). As this Court made clear in *State v. Foreman*, 97 N.M. 583, 584, 642 P.2d 186, 187 (Ct. App. 1982), however, warrants are not required for seizures of contraband during a valid inventory search. In *Ruffino*, the items seized were not contraband, but rather were legally owned personal possessions that were also potential evidence of a crime. *Ruffino*, 94 N.M. at 501, 612 P.2d at 1312. In this case, as in *Foreman*, the seizure was of contraband, in which Defendant had no reasonable expectation of privacy. *See Foreman*, 97 N.M. at 585, 642 P.2d at 188. Because the evidence was contraband seized during a valid inventory search, a warrant was not required in order for the seizure to be valid.

**CONSTITUTIONALITY OF POLICE POLICIES**

Finally, Defendant argues that Clovis Police Department policies governing impounding and inventorying vehicles violate the Fourth Amendment because they provide officers with too much discretion when deciding whether to impound a car. Essentially, Defendant is arguing that the policies allow officers to impound and search a vehicle at any time at their complete discretion. However, because the policies in question are not part of the record on appeal, we will not consider this argument. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (noting that appellate review is "limited to a consideration of the transcript of the record properly certified by the clerk of the trial court" (internal quotation marks and citation omitted)); Rule 12-213(A)(3) NMRA (stating that the brief in chief must support each factual assertion with a citation to the record, transcripts, or exhibits).

**CONCLUSION**

Based on the foregoing reasons, the inventory search of the car Defendant had been driving was valid, and the officers were not first required to obtain a search warrant. Therefore, we affirm the district court's order denying Defendant's motions to suppress.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**