This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 27,884**

**THOMAS CUNNINGHAM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

The question before us is whether the inventory search of the vehicle Defendant

was driving was lawful. We conclude that the officers lacked justification to impound the vehicle. Consequently, the inventory search prior to towing was unconstitutional. The Defendant's motion to suppress should have been granted. We reverse.

**BACKGROUND**

As part of their routine patrol, Sergeant Peter Hackett and Detective Duffy Ryan checked license plates in search of stolen vehicles. On the day in question, the officers observed Defendant and another male standing next to an Oldsmobile sedan in the parking lot of the Comfort Inn in northeast Albuquerque. The officers attempted to read the license plate on the car but could not read it. The plate was located in the rear window of the car. The officers became concerned that the vehicle might be stolen since many stolen vehicles have license plates that are difficult to read and are placed in rear windows. The placement of the license plate, along with Defendant's actions in leaving the vehicle and returning to the hotel after seeing the officers, also raised the officers' suspicion regarding criminal activity.

The officers began an investigation of Defendant and the car. They spoke with the hotel clerk about Defendant. They ran a warrant search on Defendant and spoke to a probation officer about Defendant. They then began watching the car from across the street. Shortly after they began surveillance, Defendant drove the car out of the parking lot. The officers concluded that the license plate was illegally displayed, so

they initiated a traffic stop. Defendant pulled into another hotel parking lot. As the officers pulled up behind the car, they saw Defendant doing something between the front seats [of the car]. The officers approached the car and pulled Defendant out of the car. They then asked Defendant for his driver's license, as well as proof of insurance, and registration.

Sergeant Hackett testified that it "[t]urned out the vehicle [Defendant] was driving was not insured." Based on the alleged lack of insurance documentation for the vehicle and Albuquerque Police Department standard operating procedure, the officers decided to impound the car. The officers determined that the car was not stolen. The car did not belong to Defendant, and he had borrowed it from someone. Before towing the car, the officers conducted an inventory search on the car. The search uncovered crack cocaine. The officers arrested Defendant.

Prior to trial, Defendant filed a motion to suppress arguing that both the stop and the search were illegal. The district court denied Defendant's motion, determining that the stop was lawful and not pretextual and that the search was lawful because the car was uninsured. Subsequent to the denial of his motion to suppress, Defendant pleaded no contest to trafficking charges but reserved his right to appeal the district court's denial of his motion to suppress. Defendant argues the following grounds for appeal: (1) the district court should have granted the motion to suppress

because the stop was pretextual and because the vehicle should not have been impounded; (2) he received ineffective assistance of counsel; and (3) at the suppression hearing, the court erred in allowing the State's witness to remain in the courtroom during Defendant's opening statement and in allowing the State to talk to its witness before the hearing.

**DISCUSSION**

"The standard of review for suppression rulings is whether the law was correctly applied to the facts, viewing the facts in the manner most favorable to the prevailing party." *State v. Garcia*, 2009-NMSC-046, ¶ 9, 147 N.M. 134, 217 P.3d 1032. We review factual determinations for substantial evidence and the application of the law to the facts de novo. *Id.* The facts as presented at the suppression hearing are undisputed, and therefore, our review is de novo.

**Illegal Impoundment of the Vehicle**

Defendant argues that the inventory search of the vehicle was unlawful because the police did not have authorization justifying the seizure of the vehicle and because the search was unreasonable. The State contends Defendant's arguments were not preserved below. We disagree.

The rules of preservation are to ensure that the district court had the opportunity to rule on the issue and that there is an adequate record for appeal. *See* Rule 12-

216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); *State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (explaining that parties must object at trial in order to alert the court of the perceived error, to allow the court to correct any error, and to provide an adequate record for appellate review). The record indicates that the district court was aware of the issues that Defendant raises on appeal. In his motion to suppress, Defendant challenged the legality of the stop, the warrantless search, and subsequent arrest. At the suppression hearing, Defendant again challenged the stop and the search. The district court acknowledged that the two issues before it at the hearing were whether the stop was legal and whether the search was legal. In response, the State argued that pursuant to *State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980), the inventory search was justified because the car appeared to be uninsured and normal operating procedures allowed for impoundment of uninsured vehicles. The court then ruled on both issues, determining that the search was valid based on the lack of insurance. It is clear that the district court ruled on the issue now before us—whether the search was justifiable, and there is a record for us to review on appeal. Concluding that the issue was preserved, we turn to the merits of Defendant's argument.

Warrantless searches are unconstitutional unless they fall into one of the

exceptions to the warrant requirements. *Id.* at 501, 612 P.2d at 1312; *see* U.S. Const. amend. IV; N.M. Const. art. II, § 10. We have recognized that inventory searches are permissible and constitutional if three requirements are met: (1) the vehicle to be inventoried is in police control or custody; (2) the inventory search is made pursuant to established police regulations; and (3) the search is reasonable. *Ruffino*, 94 N.M. at 502, 612 P.2d at 1313. "Custody of the vehicle must be based on some legal ground . . . ." *Id.* (citations omitted).

Defendant does not challenge the second requirement that, as Sergeant Hackett testified, Albuquerque Police Department's standard operating procedures allow for impoundment of uninsured vehicles. Instead, Defendant argues that the officers lacked legal ground for taking custody of the vehicle and that the search was unreasonable. In response, the State contends that the officers had legal justification based on NMSA 1978, Section 66-5-205 (1998) and Albuquerque City Ordinance Section 8-5-2-4(A)(15) (1996). At the suppression hearing, Sergeant Hackett testified that he relied upon Defendant's violation of the motor vehicle code and the city ordinance as the justification for towing the car. The district court concluded that the inventory search was valid "based upon the lack of insurance[.]"

Section 66-5-205 prohibits the operation of an uninsured motor vehicle. The statute however does not permit towing of an uninsured vehicle. The legal

justification for towing the uninsured vehicle, therefore, is premised upon the city ordinance. Albuquerque City Ordinance Section 8-5-2-4(A)(15) states:

    (A)    Any municipal police officer . . . may order the impoundment of any vehicle within the municipal corporate limits, without prior notice to the owner or operator thereof, under the following circumstances:

    . . . .

    (15)    When a vehicle is being driven unsafely under state law due to one of the following:

    (a)    Failure to have insurance on the vehicle as required under state law and as documented by one of the following:

    1.    An admission by the driver or other occupant of the vehicle;

    2.    Confirmation through the New Mexico Department of Motor Vehicle records showing a prior citation for failure to have insurance within the past six months;

    3.    Confirmation by the citing officer that the insurance company that the driver claims covers the vehicle does not in fact cover it.

Section 8-5-2-4(A)(15) permits impounding a vehicle if the officer has either an admission by the driver or other occupant of the vehicle that the vehicle is uninsured or confirmation of no insurance from the Department of Motor Vehicle or the alleged insurance company. There was no evidence at the hearing that Defendant admitted the vehicle was uninsured. In addition, there is no evidence that the officer had the

7

necessary documentation or made the necessary inquiries to determine that the vehicle was uninsured pursuant to the requirements of the ordinance. At the motion to suppress hearing, Sergeant Hackett stated only, "Turned out the vehicle he was driving was not insured." This statement does not establish that he had the prerequisite information or documentation to tow the vehicle.

The vehicle was not Defendant's vehicle, and there is no evidence that Defendant would have knowledge regarding the status of the vehicle's insurance. Defendant was not cited for lack of insurance. The record is void of any inquiry made through the New Mexico Department of Motor Vehicle records to establish any prior citations for failure to have insurance. Finally, no inquiry was made through the actual owner or any insurance company to determine whether the vehicle was insured.

Without documentation demonstrating the lack of insurance for the vehicle, the officers did not have authority under Albuquerque City Ordinance Section 8-5-2-4(A)(15) to impound the vehicle Defendant was driving. Since the officers did not have the authority to impound the vehicle, the vehicle was not under their lawful custody and control. Consequently, they did not have the authority to conduct an inventory search prior to towing. *See Ruffino*, 94 N.M. at 502, 612 P.2d at 1313 (requiring the vehicle be in the lawful custody or control of the officer prior to an inventory search). The State has thus failed to meet its burden of proving the

lawfulness of the warrantless inventory search of the vehicle that Defendant was driving. Pursuant to our de novo review of the district court's application of the law to the facts of this case, we conclude that the district court erred in concluding that the officers had the authority to impound the vehicle. We reverse the district court's denial of Defendant's motion to suppress.

The State contends that the officers had authority to perform the inventory search because it was standard operating procedure for the police department. This argument fails to satisfy the first requirement for a valid inventory search—that the vehicle is properly in police custody and control. *See id.* (noting that all three requirements must be met—custody and control, established police regulations, and reasonableness). Defendant does not argue that the search was invalid based upon the second requirement of the *Ruffino* test. Regardless, the State's argument is moot since we have concluded that the search was invalid under the first requirement to establish proper custody and control.

The State next argues that we should apply the "right for any reason doctrine" and affirm the district court because the search was a valid search based on Sergeant Hackett's concern for his safety. Under the right for any reason doctrine, we will affirm the district court's decision if it is right for any reason as long as our decision is not unfair to Defendant. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M.

185, 152 P.3d 828. In general, in order to justify a warrantless search of the vehicle during the investigatory stop, the State had to prove that exigent circumstances existed that caused the officers to have concern for their safety. *See also State v. Garcia*, 2005-NMSC-017, ¶ 30, 138 N.M. 1, 116 P.3d 72. During closing argument at the suppression hearing, the district court specifically asked the State if it was arguing exigent circumstances. The State responded that it was not arguing exigent circumstances in this case. In conclusion, the State argued the search was a valid inventory search based on a valid stop. Based on the State's decision not to pursue an exigent circumstances argument, we will not affirm the district court on those grounds. The State made it clear that it was not arguing exigent circumstances, Defendant did not address exigent circumstances below, and the court did not rule on those grounds. We shall not justify the vehicle's search on the basis of exigent circumstances when the State discarded and abandoned those grounds below.

**Defendant's Other Claims**

Since we reverse the district court's denial of Defendant's motion to suppress, we do not need to reach Defendant's other appellate arguments.

**CONCLUSION**

We reverse the district court's denial of Defendant's motion to suppress the evidence seized as a result of the inventory search. We remand for further

proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**