**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Francisco ANDRADE,**
**Defendant-Appellant.**

**No. 85–3122.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1986.

Decided March 19, 1986.

Kenneth R. Parker, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Jay A. Boelter, Robbins, Brown, Boelter & Amos, Sumner, Wash., for defendant-appellant.

Before WRIGHT, TANG and REINHARDT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Andrade appeals the district court's denial of his motion to suppress cocaine found in his garment bag. It concluded that the evidence would have been inevitably discovered in an inventory search. We affirm the order and conviction.

## FACTS

Andrade was arrested [1] outside a Seattle hotel by King County police who were working with the Drug Enforcement Agency (DEA). He had been carrying a garment bag which was on the ground by his feet at the time of arrest. The county officers did not search the bag immediately but waited for drug detection dogs. The dog search, about an hour after the arrest, did not alert the police to any contraband.[2]

An officer then searched the bag and discovered a package of cocaine. The cocaine was not seized, but was returned to the bag. Andrade was taken to a nearby DEA holding facility at Sea-Tac airport. He was booked, the bag was searched, and agent Loveless found the cocaine as part of a routine inventory procedure.

Andrade, indicted on three counts of drug charges, moved to suppress the cocaine found in the garment bag. The motion was denied. Pursuant to Fed.R. Crim.P. 11(a)(2), he entered a conditional guilty plea allowing him to appeal the adverse ruling on his pretrial motion. The government dismissed two counts, and Andrade was sentenced on the third, possession with intent to distribute. Andrade timely appealed the denial of the motion to suppress.

---

1. Andrade's arrest was based on probable cause, and he does not challenge the validity of the arrest on appeal.

2. At the time of the arrest, DEA agent Loveless was investigating inside the hotel. He left the hotel shortly after Andrade was placed in custo-dy to investigate Mrs. Andrade's arrival at the airport and to meet Andrade for processing at the DEA Sea-Tac facility. Agent Loveless was not present when the bag was searched at the scene of the arrest.

## STANDARD OF REVIEW

■ We review motions to suppress *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### I.  *Search Incident to Arrest*

Andrade contends the cocaine found in his garment bag should be suppressed because the one hour delay between the arrest and the search made the search unlawful. The government asserts that this delay did not invalidate the search. It contends that *United States v. Johns*, —— U.S. ——, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985), has eroded the contemporaneousness requirement of a search incident to arrest.

We need not decide whether the initial search was lawful. We hold that even if the search incident to arrest was unlawful, the cocaine was admissible because it would have been inevitably discovered through a routine inventory search.

### *Inevitable Discovery*

■ The inevitable discovery doctrine is an exception to the exclusionary rule. *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). For the exception to apply, the prosecution must show by a preponderance of the evidence that the contraband or other material seized would have been discovered inevitably by lawful means. *Id.* at ——, 104 S.Ct. at 2509. We adopted the *Nix* standard in *United States v. Merriweather*, 777 F.2d 503, 506 (9th Cir.1985).

■ The scope of a permissible inventory search is controlled by *Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). It is not

> "unreasonable" for police, as part of the routine procedure incident to incarcerating an arrested person, to search *any container or article in his possession*, in accordance with established inventory procedures.

*Id.* at 648, 103 S.Ct. at 2611 (emphasis added). There, the police searched the contents of a shoulder bag and discovered drugs during a routine inventory search at the station.

> Even if less intrusive means existed of protecting some particular types of property, it would be unreasonable to expect police officers in the everyday course of business to make fine and subtle distinctions in deciding which containers or items may be searched and which must be sealed as a unit.

*Id.*

■ This case is controlled by *Lafayette*. The government met its burden here and properly showed that the cocaine would have been discovered through a lawful inventory procedure.[3] Andrade's transfer to the DEA's holding facility at Sea-Tac for processing was inevitable, as was the search of his belongings, including the garment bag. The routine booking procedure and inventory would have inevitably resulted in discovery of the cocaine. The contents of Andrade's garment bag are within the scope of an inventory search.

## CONCLUSION

Because it is normal DEA procedure to inventory defendant's possessions, including a garment bag, at the time of booking, the government has shown that by preponderance of the evidence the cocaine would have been inevitably discovered. Therefore, the evidence was properly admitted under the inevitable discovery doctrine as an exception to the exclusionary rule.

AFFIRMED.

REINHARDT, Circuit Judge, specially concurring:

In my view, the outcome of this case is compelled by the confluence of *Nix* and the language Judge Wright quotes from the

---

**3.** There was an actual inventory search conducted at the DEA facility. However, the district court correctly noted that the inevitable discovery doctrine requires only that the government show the evidence *would have been discovered* inevitably by *lawful means.* Actual discovery of the challenged evidence is not required.

majority opinion in *Lafayette*. Nevertheless, we should pause to mark the passing of still another important part of the protection that the Fourth Amendment was intended to afford. *Compare United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). The result we are required to reach will serve only to encourage illegal and unconstitutional searches.