891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobbie Ray FINCH, Defendant-Appellant.
 No. 88-5456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1989*.
Decided Dec. 7, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Bobby Ray Finch (Finch) appeals from his conviction following his entry of a conditional plea of guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Specifically, Finch challenges the district court's denial of his motion to suppress evidence. Finch contends on appeal that officers' initial contact with him was a seizure within the meaning of the fourth amendment in that reasonable suspicion did not exist for the officers to make the investigatory stop, and that the evidence they subsequently seized was thus tainted and therefore inadmissible. Finch also contends that his consent to a search of his suitcase was the product of an illegal detention, and thus invalid. We disagree and affirm.
 
 
 3
 "Fourth amendment issues regarding the lawfulness of a search or seizure generally present mixed questions of law and fact." United States v. Kerr, 817 F.2d 1384, 1386 (9th Cir.1987). We review motions to suppress evidence independently, without deference to the district court's holding. United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986). We uphold the district court's findings of fact at a suppression hearing unless they are clearly erroneous. United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). A district court's determination whether a defendant voluntarily consented to a search is a question of fact reviewable under the clearly erroneous standard. United States v. Castillo, 844 F.2d 1379, 1387 (9th Cir.1988). We review de novo the district court's decision that no fourth amendment seizure occurred. Kerr, 817 F.2d at 1386 (citing United States v. Sokolow, 808 F.2d 1366, 1369 (9th Cir.1987), rev'd on other grounds, 109 S.Ct. 1581 (1989)).
 
 
 4
 Finch argues that his initial encounter with officers constituted an unlawful Terry detention and that the evidence found in his suitcase should have been suppressed as the result of this detention. "A law enforcement officer may stop and question any person, for any reason, as long as that person 'remains free to disregard the questions and walk away.' " United States v. Malone, No. 88-3258, slip op. at 12153 (9th Cir. Sept. 28, 1989) (citing United States v. Mendenhall, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.); United States v. Ayarza, 874 F.2d 647, 650 (9th Cir.1989)). An officer does not violate the fourth amendment by merely approaching an individual and asking him questions if the individual is willing to listen. Florida v. Royer, 460 U.S. 491, 497 (1983). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968).
 
 
 5
 Police detective Raymond Martin thus did not implicate the fourth amendment when he approached Finch, identified himself and began asking questions. The record reveals that he and Drug Enforcement Agency Special Agent William Woessner were dressed casually, talked in a conversational tone and did not reveal their weapons during their encounter with Finch This conduct does not demonstrate the requisite force or show of authority defined for a Terry stop.
 
 
 6
 Finch further argues that when viewed under the totality of the circumstances, the conduct of the officers constituted a seizure. "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Mendenhall, 446 U.S. at 554. Detective Martin advised Finch that he was not under arrest, was free to leave and that Finch did not have to speak with him just because he was a police officer. Finch replied. "I understand. What do you want?" Under these facts a reasonable person would believe that he was free to leave. Furthermore, Finch's response indicates his acknowledgment of his liberty as well as his voluntary compliance with the officer's request.
 
 
 7
 In United States v. Malone, No. 88-3258 (9th Cir. Sept. 28, 1989), we held under facts nearly identical to the instant case that the initial questioning of the appellant did not implicate his fourth amendment rights. See id., slip op. at 12151. In Malone the defendant was approached by law enforcement officials who identified themselves and asked if he would answer questions; Malone agreed and provided his airline ticket for the officers' review and questions were asked and answered. A detention did not occur until Malone accompanied the officers to their office. Id., slip op. at 12153.
 
 
 8
 Finch contends that the officers' conduct in requesting and reviewing his airline ticket and reaching into his pocket to obtain the suitcase key are evidence of the authoritative air of the officers during the encounter when viewed under the totality of the circumstances. "The retention of an airline ticket 'beyond the interval required for the appropriate brief scrutiny, may constitute a "watershed point" in the seizure question.' " United States v. Low, No. 88-1355, slip op. at 12401 (9th Cir. Oct. 5, 1989) (citing United States v. Black, 675 F.2d 129, 136 (7th Cir.1982), cert. denied, 460 U.S. 1068 (1983)) (citation omitted). The facts, however, reveal that Finch's ticket was returned after brief scrutiny by Special Agent Woessner and before Finch gave his permission to a search of his suitcase. Thus, the retention of the ticket did not serve to influence Finch's consent.
 
 
 9
 Furthermore, Finch's assertion that Special Agent Woessner reached into his pocket to obtain the key to the suitcase is irrelevant to the totality of the circumstances argument because it occurred after Finch consented to the search and because Finch consented to the conduct itself by nodding his head affirmatively when asked if Special Agent Woessner could retrieve the key. Although a detention may have occurred when the officers asked Finch to wait while Detective Martin searched Finch's suitcase, this is also irrelevant because the consent to the search was previously obtained.
 
 
 10
 Finch has not demonstrated that he was detained prior to his consent to the search of the suitcase. The district court's finding that the consent was given freely and not the product of an illegal detention is supported by the record and was not clearly erroneous. Because we have concluded that Finch consented to the search prior to any detention, we do not reach the question whether reasonable suspicion also justified the officers' conduct.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3