956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ian Wayne GILLESPIE, Defendant-Appellant.
 No. 91-50394.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 10, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ian Wayne Gillespie appeals the district court's denial of his motion to suppress evidence obtained pursuant to a search conducted at the Los Angeles International Airport (LAX) on January 17, 1991. Gillespie was indicted on one count of possessing with intent to distribute approximately 8 kilograms of cocaine in violation 21 U.S.C. § 841(a)(1). He pleaded guilty to the charge on the condition that he could appeal the district court's ruling on his motion to suppress. We affirm.
 
 STATEMENT OF THE CASE
 
 3
 On January 17, 1991, Gillespie was to transport 8 kilograms of cocaine from Los Angeles to Cleveland, Ohio. When he showed a false identification to U.S. Air ticketing agent as he attempted to check his luggage for the flight, the agent concluded that Gillespie fit the airline's profile of a suspicious passenger. Two uniformed employees, Gary Green and Andrew Senchyshyn, detained Gillespie while an LAX police officer was called for assistance. The district court found that Senchyshyn and Green asked Gillespie if they could search his bags and Gillespie verbally consented to a search. Gillespie maintains that he never consented to a search, or, if he did, it was invalid because he was not informed that he could decline to board the flight and refuse the search.
 
 
 4
 Gillespie's bags were searched by Green. One bag contained a white blanket, a large amount of fabric softener, and three tightly plastic-wrapped parcels. Shortly thereafter, DEA Special Agent James Jeffery arrived. He had received an LAX Police Department dispatch that U.S. Air employees had detained a passenger whose luggage they believed contained narcotics. Agent Jeffery then inspected the bag which was unzippered but not drawn open. He lifted the blanket and exposed the packages to view. Jeffery then made a small incision in one of the packages which revealed coffee grounds. He then repacked the bag and placed Gillespie under arrest. Jeffery then transported Gillespie and his luggage to the DEA office at LAX. At the office, he cut into all three of the packages and discovered a white powdery substance that field tested positive for cocaine.
 
 DISCUSSION
 
 5
 We review de novo the district court's ruling on a motion to suppress. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). However, the district court's factual determinations in support of its ruling are reviewed for clear error. United States v. Johns, 891 F.2d 243, 244 (9th Cir.1989).
 
 A. The Search by Airline Employees
 
 6
 A search of one's person or effects by a private party does not violate the Fourth Amendment. United States v. Jacobsen, 466 U.S. 109, 113-14, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). Fourth Amendment protection from unreasonable searches and seizures "proscrib[es] only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.' " Id. (citation omitted).
 
 
 7
 Gillespie presented no evidence that the airline officials were acting as government agents. Cf. United States v. $124,570 United States Currency, 873 F.2d 1240, 1245 (9th Cir.1989). The district court specifically found governmental agencies have "no working relationship, either formal or informal," with private airline personnel. The court's finding that the airline employees were acting solely as private parties when they searched Gillespie's bags is not clearly erroneous. United States v. Johns, 891 F.2d at 244.
 
 
 8
 B. The Subsequent Searches by Law Enforcement Officials
 
 
 9
 Warrantless searches by government agents do invoke the protections of the Fourth Amendment. For a warrantless search to be valid, "it must fall within one of the narrow and specifically delineated exceptions to the warrant requirement." Thompson v. Louisiana, 469 U.S. 17, 21, 105 S.Ct. 409, 411, 83 L.Ed.2d 246 (1984).
 
 
 10
 In United States v. Jacobsen, 466 U.S. at 115, 104 S.Ct. at 1657, the Supreme Court held that a warrantless search by government agents did not violate the Fourth Amendment where the governmental search "follow[ed] on the heels of a private [search]," and the governmental search did not greatly exceed the scope of the private one. Agent Jeffery's search of Gillespie's bag in this case is similar to the search in Jacobsen and did not exceed the scope of the initial search. Id. at 120-21, 104 S.Ct. at 1660-61. The bag was open and had been searched by the airline employees before Jeffery inspected the bag. After observing its contents and taking account of the other available information there certainly was probable cause to arrest Gillespie. He does not argue to the contrary. Given that, it is an ineluctable proposition that discovery of the contents would follow at the time of the inevitable inventory search. See Nix v. Williams, 467 U.S. 431, 447-48, 104 S.Ct. 2501, 2511, 81 L.Ed.2d 377 (1984); Illinois v. Lafayette, 462 U.S. 640, 643, 103 S.Ct. 2605, 2608, 77 L.Ed.2d 65 (1983); United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986). Thus, the inevitable discovery doctrine applies.
 
 CONCLUSION
 
 11
 Therefore the cocaine was properly admitted in evidence against Gillespie.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3