972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel MORFIN-MENDOZA, Defendant-Appellant.
 No. 91-30347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 24, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Morfin-Mendoza appeals his conviction following a conditional plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Morfin-Mendoza contends that the district court erred in denying his motion to suppress a pistol found in his waistband during the execution of a search warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Law enforcement officers obtained a search warrant for the person, vehicle and apartment of Ramon Guardado. Guardado previously sold cocaine to a confidential informant in a series of controlled purchases monitored by the officers.
 
 
 4
 Before executing the warrant, the officers instructed the confidential informant to make a final controlled purchase of cocaine. Accordingly, the informant met with Guardado at Guardado's apartment. A few minutes later, the informant left the apartment and reported to the officers that Guardado had agreed to deliver 2.5 ounces of cocaine in return for $2,000. Guardado assured the confidential informant that Guardado would have the cocaine in twenty to twenty-five minutes.
 
 
 5
 Approximately thirty minutes later, officers observed Manuel Morfin-Mendoza enter Guardado's apartment. The officers assigned to execute the warrant then knocked, announced their presence and entered the apartment. Morfin-Mendoza was handcuffed and searched. In a subsequent pat down for weapons, the officers found a pistol in Morfin-Mendoza's waistband.
 
 
 6
 Morfin-Mendoza was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). After the district court denied his motion to suppress the pistol, Morfin-Mendoza entered a conditional plea of guilty and was sentenced to a term of imprisonment of eight months. Morfin-Mendoza timely appeals his conviction.
 
 II
 
 7
 We review de novo the district court's grant or denial of a motion to suppress. United States v. Limatoc, 807 F.2d 792, 794 (9th Cir.1987). We review for clear error the district court's findings of fact. United States v. Mines, 883 F.2d 801, 803 (9th Cir.), cert. denied, 493 U.S. 997 (1989).
 
 III
 
 8
 Morfin-Mendoza contends that he was arrested and searched without probable cause in violation of the Fourth and Fourteenth Amendments. He argues that the pistol found in his waistband should be suppressed as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963).
 
 
 9
 We need not decide whether Morfin-Mendoza was arrested and searched without probable cause. Because the government showed that the pistol in Morfin-Mendoza's waistband would have been inevitably discovered during a routine pat down for weapons conducted during the execution of the search warrant, the district court did not err in denying Morfin-Mendoza's motion to suppress.
 
 
 10
 The "inevitable discovery" exception to the "fruit of the poisonous tree" doctrine allows the introduction of illegally obtained evidence if the government can show by a preponderance of the evidence that the tainted evidence would have been discovered through lawful means. Nix v. Williams, 467 U.S. 431, 447-48 (1984). The government can meet its burden by establishing that, by following routine procedures, the police would have inevitably discovered the evidence. United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986).
 
 
 11
 Here, the district court found that the officers had a valid search warrant for Ramon Guardado's apartment. The district court further found that the officers suspected that Morfin-Mendoza was armed and dangerous, and that the officers discovered Morfin-Mendoza's pistol during a routine pat down for weapons conducted during the execution of the warrant. Consequently, the district court held that Morfin-Mendoza's pistol would have been inevitably discovered. We agree.
 
 
 12
 A police officer may pat down a suspect when he has reasonable suspicion that his safety may be in danger. Terry v. Ohio, 392 U.S. 1, 30 (1968). Following a lawful entry into a private residence, no probable cause is required to conduct a pat down for weapons if it is independently justified by a reasonable suspicion that the suspect is armed and dangerous. United States v. Flippin, 924 F.2d 163, 165-66 (9th Cir.1991). Although Morfin-Mendoza argues that no reasonable suspicion existed warranting a pat down of his waistband, the officers executing the warrant knew of an imminent drug transaction in Guardado's apartment and that persons who engage in drug transactions are frequently armed and dangerous. See United States v. Salas, 879 F.2d 530, 535 (9th Cir.), cert. denied, 439 U.S. 979 (1989) (holding that it was reasonable to assume that those engaged in drug transactions were "armed and dangerous.").
 
 
 13
 Because the officers would have inevitably discovered the pistol by following routine procedures during the execution of the search warrant, the district court did not err in denying Morfin-Mendoza's motion to suppress.
 
 IV
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3