990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Luis GOMEZ, Defendant-Appellant.
 No. 90-10527.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided March 18, 1993.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Gomez of possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a). He appeals the district court's refusal to give a lesser included offense instruction, the denial of his motion to suppress evidence recovered during a search of his apartment and the district court's calculation of his sentence.
 
 
 3
 A. Gomez argues the district court erred by refusing his request for a lesser included offense instruction. He claims the jury might have concluded that, although Gomez possessed more than five kilograms of cocaine, he actually intended to distribute less than that. But "[s]ection 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing. " United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991) (emphasis added), cert. denied, 112 S.Ct. 1186 (1992). Because a lesser amount isn't a lesser included offense, the instruction was properly refused.
 
 
 4
 B. Gomez may be correct that, were we to assume his arrest was illegal, his subsequent consent to search the apartment was tainted and therefore invalid. See United States v. Delgado-Velasquez, 856 F.2d 1292, 1299-1300 (9th Cir.1988). But Gomez's consent is irrelevant, because the police would have inevitably discovered the evidence when they obtained a search warrant. See Nix v. Williams, 467 U.S. 431 (1984); see also United States v. Martinez-Gallegos, 807 F.2d 868, 870 (9th Cir.1987) (evidence admissible because lawful examination of files likely); United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986) (evidence admissible because lawful inventory search likely). There's no doubt the officers intended to seek a warrant had Gomez withheld consent. Having arrested defendant, Sarelia, Laura and two others, a valid search of the apartment was bound to occur sooner or later: As one of the officers testified, they decided "the apartment should be secured until a search warrant could be obtained. " RT 9/29/89 at 34 (emphasis added). Once the agents secured the apartment, there was no risk that the evidence would be destroyed; any subsequent search would have found the cocaine.
 
 
 5
 Gomez also challenges the securing of the premises. Again, even assuming the entry was unlawful, evidence from the resulting search need not be suppressed. Segura v. United States, 468 U.S. 796 (1984); see also United States v. Crozier, 777 F.2d 1376, 1379-80 (9th Cir.1985) (illegal entry invalidated due to lack of exigent circumstances; evidence obtained from ensuing warrant search, however, admitted); United States v. Lamas, 930 F.2d 1099, 1102-04 (5th Cir.1991) (where officers initially entered house to secure it, but defendant's consent to search was invalidated, inevitable discovery exception applied because officers would have obtained a warrant). As we have said, the police intended to obtain a warrant; the evidence would therefore have been discovered anyway.
 
 
 6
 The only remaining question is whether probable cause existed to support a warrant. The police had discovered a major drug dealing ring. They had arrested four of its participants, three of them in the act of selling cocaine to undercover agents. They had been told by an informant whose veracity had been verified that suitcases full of cocaine were stored inside the apartment. RT 9/29/89 at 16, 18, 21. The activities the police observed all evening confirmed their suspicion that the apartment was indeed the hub of the operation, in particular the shuttling of the green and white Thunderbird between the apartment and the pay telephone at the Circle K. RT 4/3/90 at 26-28, 31, 35. It was reasonable to infer the men were selling cocaine that was stashed in the apartment. There was probable cause to search the apartment, and hence the officers would have easily obtained a warrant had they sought one.
 
 
 7
 C. Gomez was sentenced to 240 months imprisonment, eight years supervised release and a $50 special assessment. He argues the district court erred in increasing his sentence pursuant to 21 U.S.C. § 845(a). Although section 841(b)(1)(A)(ii)(II) requires a mandatory minimum sentence of ten years for possession with intent to distribute more than five kilograms, at the time of sentencing section 845(a) allowed a penalty "up to twice that authorized by section 841(b)" for distribution of controlled substances within 1000 feet of a school.
 
 
 8
 Defense counsel argued to the district court that section 845(a) doubled the statutory floor, allowing the court in its discretion to impose up to twice the minimum. The court, however, ruled that it was required to double the mandatory minimum, resulting in a mandatory twenty-year sentence. See RT 10/1/90 at 17.
 
 
 9
 This was error. Section 845(a) merely permitted the district court to sentence "up to" twice the mandatory minimum; it was not required to do so. The mandatory minimum sentence under the statute was only 120 months. The applicable Guidelines range for Gomez's offense was 235-293 months. The district court could, therefore, have sentenced Gomez to 240 months, the statutory maximum after factoring in section 845; but it also could have sentenced him to 235 months, the Guideline minimum. Because the district court erroneously believed it was required to impose a sentence of 240 months, we must vacate the sentence and remand so the court can consider whether to sentence Gomez to 240 months, 235 months or something in between.
 
 CONVICTION AFFIRMED; SENTENCE VACATED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 Since the time of sentencing, section 845 has been amended: The penalty is now a mandatory doubling of the statutory maximum. See 21 U.S.C. § 860. Thus, were we to apply the law in effect at the time of appeal, the district court's doubling of the mandatory minimum to 240 months would actually be too light a sentence. But applying the new statutory provision to Gomez would violate the Ex Post Facto Clause: It would increase the mandatory sentence by dint of a law passed after commission of the crime. See U.S. Const. Art. I, § 10, cl. 1; see also Collins v. Youngblood, 110 S.Ct. 2715, 2725 (1990) (Ex Post Facto Clause applies to sentencing increases); Miller v. Florida, 482 U.S. 423, 429-34 (1987) (same). We therefore apply the law in effect at the time of sentencing.