52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio CEBALLES-GAMEZ, Defendant-Appellant.
 No. 94-30363.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Ceballes-Gamez appeals his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1), and for illegal reentry by a deported alien subsequent to conviction of an aggravated felony in violation of 8 U.S.C. Sec. 1326(b)(2). He contends the district erred by denying his motion to suppress evidence seized during a vehicle search in conjunction with a warrantless arrest. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Generally, motions to suppress are reviewed de novo. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). Factual findings are reviewed for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). Mixed questions of law and fact in a motion to suppress evidence obtained from a warrantless search are reviewed de novo. United States v. Litteral, 910 F.2d 547, 553 (9th Cir.1990).
 
 I. Search Incident To Arrest
 
 4
 The district court found that the arresting officer searched Ceballes-Gamez's vehicle without valid consent. Ceballes-Gamez contends that the search incident to arrest and inevitable discovery exceptions are inapplicable, thus rendering the seized evidence excludable. Ceballes-Gamez argues the arresting officer initially followed his vehicle because he was a Hispanic male driving a vehicle with out-of-state plates. He asserts the officer was not motivated by a reasonable suspicion that criminal activity was afoot, and thus, the initial stop was a pretext to conduct the warrantless search. See United States v. Gutierrez-Mederos, 965 F.2d 800, 802 (9th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993).
 
 
 5
 The district court, however, denied the motion to suppress because it found the search was valid incident to an arrest supported by probable cause. Although the officer stated he followed Ceballes-Gamez initially because he seemed "nervous", the officer stopped Ceballes-Gamez because the vehicle license plate had expired. Even though another state's temporary registration was attached to the rear windshield, it was not visible because the windows were tinted. This circuit has held that the validity of a pretextual stop depends not on the subjective state of mind of the officer, but rather, "courts should inquire whether a reasonable officer 'would have' made the stop anyway, apart from his suspicions about other more serious criminal activity." United States v. Cannon, 29 F.3d 472, 476 (9th Cir.1994). A reasonable officer would have stopped Ceballes-Gamez for driving with an expired license plate.
 
 
 6
 The district court also properly found that there was probable cause to support a warrantless arrest. Probable cause exists for purposes of a warrantless arrest if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. United States v. Arzate-Nunez, 18 F.3d 730, 735 (9th Cir.1994). Here, the officer's investigation revealed that Ceballes-Gamez did not have a valid driver's license and the permanent vehicle registration had expired, while the temporary registration was for operation in another state. The officer also testified that the out-of-state vehicle was freshly painted and that there was no luggage in the car.
 
 
 7
 Ceballes-Gamez's assertion that, without the seized evidence, there likely would have been no arrest for the above violation lacks merit. Neither the expired permanent or temporary registrations for the vehicle were in Ceballes-Gamez's name, and he did not possess a valid driver's license or any documentation establishing that he was legally in this country. Ceballes-Gamez was arrested for driving without a driver's license. Thus, the district court properly found that there was probable cause to arrest Ceballes-Gamez. See Arzate-Nunez, 18 F.3d at 735.
 
 
 8
 A search performed incident to arrest will not be rendered invalid for lack of a search warrant. Rawlings v. Kentucky, 448 U.S. 98, 111 (1980). An officer who has made a lawful custodial arrest of the occupant of a vehicle, as a contemporaneous incident of the arrest, may search the passenger compartment of the vehicle. New York v. Belton, 453 U.S. 454, 460 (1981). "Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularily important that the search preceded the arrest rather than vice versa." Rawlings, 448 U.S. at 111.
 
 
 9
 Ceballes-Gamez's arrest occurred contemporaneously with the search of the vehicle. That the vehicle was searched prior to his formal arrest is of no consequence. See id. The officer, after requesting that Ceballes-Gamez exit the vehicle, searched the passenger compartment, under the hood and the trunk of the vehicle. The firearms were found under the back seat in the legitimately searched passenger compartment of the vehicle. The district court properly upheld the search as being incident to arrest, and thus, it was excepted from the warrant requirement. See Belton, 453 U.S. at 460.
 
 II. Inevitable Discovery
 
 10
 Whether "review of this mixed question of law and fact should be de novo or for clear error has not been decided in this circuit." United States v. Ramirez-Sandoval, 872 F.2d 1392, 1399 n. 8 (9th Cir.1989). The inevitable discovery doctrine requires the government to demonstrate by a preponderance of the evidence that the item sought to be introduced in evidence would have been lawfully found. United States v. Mancera-Londono, 912 F.2d 373, 375 (9th Cir.1990). This burden can be met by establishing that, by following routine procedures, the police would inevitably have uncovered the evidence. United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986). Such procedures need not be written to be standardized. Mancera-Londono, 912 F.2d at 375. We have held that an inventory search is valid, "even if the searching officer had an investigatory motive, as long as the officer would have conducted the search in question anyway pursuant to police inventory practices." Cannon, 29 F.3d at 476.
 
 
 11
 Here, the arresting officer testified that it was standard Idaho State Police policy to impound a vehicle when the driver has been arrested and there is no one else to take possession of the vehicle. The officer testified that once the vehicle was impounded, an inventory search would have been conducted, which included searching under the back seat of the vehicle. The arrest was valid and there was not a third party to take possession of the vehicle, thus, impounding the vehicle became necessary. The district court's reliance on the inevitable discovery doctrine was proper because the firearms would have been discovered as the result of the search accompanying a routine police impoundment procedure. See Andrade, 784 F.2d at 1433.
 
 
 12
 Accordingly the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3