52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Dana ESTABROOK, Defendant-Appellant.
 No. 94-10443.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Dana Estabrook appeals his conviction, following a conditional guilty plea, for possession of a firearm by a convicted felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). Estabrook contends that the district court erred in ruling that the firearm would inevitably have been discovered. Estabrook argues that the district court's finding that the investigative detention was brief was clearly erroneous. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's denial of a motion to suppress. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). We review the district court's factual findings for clear error. Id.
 
 
 4
 If the government establishes by a preponderance of the evidence that the challenged evidence ultimately would have been discovered by lawful means, the evidence is admissible despite of any constitutional violation. Nix v. Williams, 467 U.S. 431, 444 (1984); see also United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986) (government can meet its burden by establishing that, by following routine practice and procedure, evidence would be uncovered); cf. United States v. Ramirez-Sandoval, 872 F.2d 1392, 1400 (9th Cir.1989) (government failed to meet its burden where record did not suggest with certainty that police would have discovered evidence had illegal search not occurred).
 
 
 5
 A highway patrolman frisked Estabrook and found a firearm after a traffic stop. The district court found the frisk was unreasonable, but concluded that the firearm would have been discovered inevitably. We agree. The patrolman testified at the suppression hearing that he requested a check on Estabrook's expired driver's license, which revealed three outstanding warrants. The patrolman further testified that pursuant to regulations and practice, he would have arrested Estabrook for his outstanding warrants and conducted a complete search of Estabrook upon his arrest. Thus, the firearm would ultimately have been discovered had the frisk not occurred. See Nix, 467 U.S. at 444; Andrade, 784 F.2d at 1433; cf. Ramirez-Sandoval, 872 F.2d at 1400.
 
 
 6
 Estabrook appears to argue that the government failed to prove the lawfulness of the means used here--the license and warrant check--because it failed to show the length of time taken to conduct the check. Although the record does not indicate the actual duration of the check, it shows that the patrolman radioed the dispatcher immediately after Estabrook produced an invalid driver's license. Nothing in the record suggests that the check took longer than reasonably necessary for the patrolman to find out information on Estabrook and his vehicle. See Nix, 467 U.S. at 444; see also United States v. Bautista, 684 F.2d 1286, 1290-91 (9th Cir.1982) (length of a routine investigative stop depends on the time required for police to conduct an adequate investigation), cert. denied, 459 U.S. 1211 (1983). Accordingly, the district court committed no clear error in finding that the period of time taken to complete the investigation was brief. See Becker, 23 F.3d at 1539; Bautista, 684 F.2d at 1290-91.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3