145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael LANCELLOTTI, Defendant-Appellant.
 No. 95-10051.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 GARCIA, J. Presiding
 
 
 1
 Michael Lancellotti was indicted with various codefendants for conspiracy and other offenses arising out of the manufacture and distribution of methamphetamine. Lancellotti ultimately pled guilty to conspiracy to manufacture, possess and distribute methamphetamine, 21 U.S.C. § 841(a)(1); and using a firearm in the conspiracy, 18 U.S.C. § 924(c). He was sentenced to three hundred months in prison. However, Lancellotti reserved his right to appeal the denial of pre-trial evidentiary rulings on motions to suppress. We have reviewed the rulings de novo and affirm.
 
 TRAFFIC STOP AND SEARCHES
 
 2
 Lancellotti alleges that the traffic stop of his van was neither justified nor sufficiently limited in scope. Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). His argument on justification fails, however, because the district court believed the officer's version of the events, not Lancellotti's. Lancellotti does not challenge this credibility determination and our review of record establishes that the court's findings were not clearly erroneous. United States v. Zermeno, 66 F.3d 1058, 1061 (9th Cir.1995). Under the facts as found, the district court did not err in concluding that the stop was supported by probable cause to believe that Lancellotti violated Cal. Vehicle Code § 22107. Whren v. United States, --- U.S. ----, 116 S.Ct. 1679, 1772 (1996).
 
 
 3
 Similarly, we reject Lancellotti's arguments that the officer's display of excessive force during the stop amounted to a custodial arrest. The unchallenged facts, as found by the district court, illustrate reasonable measures by the officer throughout the stop and subsequent arrests. Nor did the officer unreasonably escalate the stop by detaining Lancellotti while questioning and subsequently arresting passenger Michael Kelley. Review of the record establishes that the officer: (1) reasonably suspected that Kelley had violated the seat belt law; (2) properly arrested Kelley on an outstanding misdemeanor warrant; and (3) conducted a limited post-arrest search of the area around the passenger's seat. Under these circumstances, the officer's brief detention of Lancellotti during Kelley's arrest was not unconstitutional. Cf. Michigan v. Summers, 452 U.S. 692, 702-03, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (upholding the brief detention of a home's occupants during the execution of a search warrant); United States v. Vaughan, 718 F.2d 332, 335 (9th Cir.1983).[1] The district court did not err in denying the motion to suppress evidence from the traffic stop.
 
 WARRANTLESS SEARCH OF 441 COLUMBUS
 
 4
 Lancellotti contends that neither probable cause nor exigent circumstances supported Officer Meeks' warrantless entry into the property surrounding 441 Columbus, security sweep of the residence, and subsequent direction that other officers enter the home to secure numerous chemical containers. Thus, Lancellotti argues that any evidence from the sweep should be suppressed and that the sweep tainted subsequent searches.
 
 
 5
 Viewing the totality of the circumstances, the officer had probable cause to believe that 441 Columbus housed an active methamphetamine laboratory. Murdock v. Stout, 54 F.3d 1437, 1441 (9th Cir.1995). Probable cause was supported by: (1) the officer's knowledge of the materials uncovered in the search of the van; (2) the tip that drug activity took place at 441 Columbus; (3) Lancellotti's statement that he was embarrassed at having been stopped in front of his house; (4) the officer's view of three potential guard dogs and two 55 gallon drums on the property which were similar to the one found in the van; and (5) the officer's "whiff" of chemical odor and view of open windows at the home. Officer Meeks knew each of these factors prior to entering the property at 441 Columbus.
 
 
 6
 Under these circumstances, the search was also supported by the exigency of a potential chemical explosion from the suspected lab. United States v. Echegoyen, 799 F.2d 1271, 1278-79 (9th Cir.1986). The second entry, done to eliminate the possible hazards, was a mere continuation of the initial warrantless sweep. Id. at 1279. Finally, under the facts as found by the district court, obtaining a telephonic warrant was an impracticality. Id.
 
 
 7
 The evidence obtained from the warrantless security sweep of 441 Columbus was admissible. More importantly-since the officers physically removed no evidence from the house on the five minute sweep-neither the observations from the warrantless search of the van nor house tainted any subsequent police activity.
 
 WARRANTED SEARCH OF 2720 NORTH SHINGLE ROAD
 
 8
 Lancellotti alleges that the warrant for the search of 2720 North Shingle Road lacks specificity and probable cause. As indicated in our review of companion cases, we agree. United States v. Bonafice, 1997 WL 139815,* 3 (9th Cir.1997). However, we also reiterate our conclusions that the officers acted in "good faith in conducting the search," that there was no violation of the knock and announce rule, and that a Franks hearing was unnecessary. Id. Having rejected virtually identical contentions by his codefendants, we will not relitigate Lancellotti's arguments on these issues. United States v. Schaff, 948 F.2d 501, 508 (9th Cir.1991). The district court did not err in refusing to exclude evidence obtained in the search of 2720 North Shingle Road.[2]
 
 
 9
 The supplemental briefing schedule is vacated.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 We note that the government has not established any reasonable suspicion of danger to support the frisk of Lancellotti prior to Kelley's arrest. Nor did the government attempt to justify the initial questions about drug activity at the inception of the stop. However, these potentially unconstitutional intrusions do not require reversal. First, the officer uncovered no evidence on the frisk or the questioning to be suppressed. Second, even if there were some connection between these two events and the evidence discovered, the evidence was admissible because it would have been inevitably discovered through the permissible searches subsequent to Kelley's arrest. United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986)
 
 
 [2]
 Lancellotti's argument that the district judge erred in failing to recuse is not properly before us. Echegoyen, 799 F.2d at 1276 (defendant who pleads guilty must expressly reserve issues for appeal and may lose the opportunity to appeal those not reserved)