UNITED STATES of America,
Plaintiff–Appellee,

v.

Andre REED, Defendant–Appellant.

No. 06–10406.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 29, 2007.

Robert L. Ellman, Esq., Brian J. Quarles, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Cal J. Potter, III, Esq., Potter Law Offices, PC, Las Vegas, NV, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Defendant Andre Reed appeals his conviction following a conditional guilty plea

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

challenging the district court's denial of his motion to suppress. We affirm.

■ Reed first argues that his initial stop was unreasonable. For an investigatory stop to be justified under the Fourth Amendment, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences to be drawn from those facts," reasonably warrant an officer's intrusion upon a suspect's person. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Hernandez–Alvarado*, 891 F.2d 1414, 1416 (9th Cir. 1989). At the time he stopped Reed, Officer Evans knew, among other things, that an off-duty officer had reported possible domestic violence, and that Reed's vehicle matched the off-duty officer's description of the license plate number, color, window-tint, and direction of travel. These facts were sufficient to justify stopping Reed.

■ Reed argues that the question officers asked Reed about the presence of weapons in the vehicle was not reasonably related in scope to the justification for the stop. As our recent decision in *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007), makes clear, however, the relevant inquiry is no longer whether the questions asked are "reasonably related in scope to the justification for their initiation," *Terry*, 392 U.S. at 29, 88 S.Ct. 1868; *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001), but whether the questioning "prolong[ed] the detention of the individual." *Mendez*, 476 F.3d at 1080 (citing *Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005)). Because Reed would have been rightfully detained until the police could confirm that a domestic violence situation was not still ongoing—a fact that had not been established when Reed was asked about the presence of weapons—and because the questioning lasted for no more than two minutes, the questioning did not prolong Reed's detention and was, therefore, proper. *See id.*

■ Reed argues that the search of his vehicle that led to the discovery of the firearm was improper. We need not address that challenge because the facts make it clear that the firearm would inevitably have been discovered. The doctrine of inevitable discovery is "an exception to the exclusionary rule." *United States v. Andrade*, 784 F.2d 1431, 1433 (9th Cir. 1986) (citing *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)). Under this exception, suppression of evidence is not required if "the contraband or other material seized would have been discovered inevitably by lawful means." *Andrade*, 784 F.2d at 1433. In response to the question about weapons, Reed voluntarily admitted there was a firearm in the vehicle. After admitting to officers he had previously been arrested, Reed voluntarily stated that it was for a felony. Reed's identity had been established, and the routine check on his identity would have confirmed he was a convicted felon. That would have established probable cause to arrest Reed and caused the vehicle to have been searched anyway, which would have inevitably led to the discovery of the firearm. Reed's motion to suppress was properly denied.

**AFFIRMED.**