NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50210 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00104-SVW-1 |
| v. | |
| JASON RAY JONES, AKA Jason Jones, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted July 10, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and BASTIAN,[**] District Judge.

Just shy of 4:30 a.m. on May 5, 2017, San Bernardino Deputy Sheriff Kayla Peters responded to a dispatch request and encountered Jason Jones asleep in a vehicle outside of a Circle K convenience store. Peters ran a routine vehicle check

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

and then performed a fruitless pat-down search.  Afterwards, Peters searched Jones's vehicle, finding a firearm, ammunition, and a small scale with a crystalline substance.  Minutes later, Sergeant Edward Bachman arrived on the scene and recognized Jones, which led to his arrest.

Jones was indicted for being a felon-in-possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The district court denied his suppression motion, finding that although Peters did not have probable cause to search Jones's vehicle, the police would have inevitably discovered the items.  Jones entered a conditional guilty plea and appealed the denial of suppression.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for additional fact-finding to determine whether Peters had probable cause to search Jones's vehicle.

We review motions to suppress and whether there was probable cause to support a warrantless search of a vehicle de novo.  *United States v. Andrade*, 784 F.2d 1431, 1433 (9th Cir. 1986); *United States v. Faagai*, 869 F.3d 1145, 1149 (9th Cir. 2017).  Pursuant to the automobile exception, a warrantless search of a vehicle is permissible "if there is probable cause to believe that the vehicle contains evidence of a crime."  *Faagai*, 869 F.3d at 1150 (quoting *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010)).

2

We agree with the district court's determination that Peters did not have probable cause to search Jones's vehicle for evidence or contraband related to a drug crime or robbery. The district court questioned Peters' reliability, and considering the totality of the circumstances along with the district court's findings, we conclude that there was not a "fair probability" that Jones's vehicle contained evidence of either of these crimes. *Id.* (quoting *United States v. Rodriguez*, 869 F.2d 479, 484 (9th Cir. 1989)).

For the first time, at appellate oral argument, the Government contended that Peters had probable cause to search Jones's vehicle for evidence of vehicle theft. While issues not presented to the district court generally may not be raised for the first time on appeal, "the Supreme Court has made clear [that] it is claims that are deemed waived or forfeited, not arguments." *United States v. Guzman-Padilla*, 573 F.3d 865, 877 n.1 (9th Cir. 2009) (alteration in original) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)). Because the Government raised the claim that Peters had probable cause to search Jones's car, albeit for evidence of drug use or robbery, we conclude that the Government's argument for vehicle theft is neither waived nor forfeited.

Although we may affirm on any basis fairly supported by the record, we have declined to do so when it would "unfairly deprive the defendant of the opportunity to adduce evidence." *United States v. Parr*, 843 F.2d 1228, 1232 (9th

3

Cir. 1988). The Government's representations to the district court regarding which crimes it believed supported the search—none of which included vehicle theft—resulted in an underdeveloped record on this issue. *See United States v. Henderson*, 241 F.3d 638, 649 n.1 (9th Cir. 2009) (permitting government to raise new argument of probable cause to search the defendant's car because he had "fully litigated all of the facts pertaining to probable cause for his arrest and probable cause for the search of his car"). Accordingly, we vacate the district court's denial of suppression and remand for additional fact-finding and consideration of this new theory in the first instance.[1]

**VACATED and REMANDED.**

---

[1] Because we remand for further fact-finding on probable cause, we need not decide whether the district court appropriately concluded that the inevitable discovery doctrine applied.