UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30216 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00095-MO-1 District of Oregon, Portland |
| v. | |
| ANDREW FRANKLIN KOWALCZYK, | |
| Defendant-Appellant. | ORDER AMENDING MEMORANDUM DISPOSITION, DENYING PETITIONS FOR PANEL REHEARING AND REHEARING EN BANC, AND GRANTING IN PART AND DENYING IN PART RELATED MOTIONS |

Before: GRABER, RAWLINSON, and SUNG, Circuit Judges.

The attached Amended Memorandum Disposition replaces the

Memorandum Disposition filed in this case on June 25, 2024.

With this amendment, the panel voted to deny the Petitions for Panel

Rehearing.

Judges Rawlinson and Judge Sung voted to deny, and Judge Graber

recommended denying, the Petitions for Rehearing En Banc.

The full court has been advised of the Petitions for Rehearing En Banc, and no judge of the court has requested a vote.

Appellant's Petition for Rehearing En Banc and Petition for Panel Rehearing (Dkt. No. 158) filed November 8, 2024, Appellant's Petition for Rehearing En Banc and Petition for Panel Rehearing (Dkt. No. 171) filed December 2, 2024, and the Petition for Rehearing En Banc and Petition for Panel Rehearing (Dkt. No. 173) filed December 9, 2024, are DENIED.

The Request for Court Clerk to Correct Errors Clerk Made in Wording of Docket 173 (Dkt. No. 175) filed December 13, 2024, is GRANTED IN PART and DENIED IN PART. The Clerk is directed to correct the docket to reflect the actual number of pages contained in the Petition for Rehearing En Banc and Petition for Panel Rehearing (Dkt. No. 173) filed December 9, 2024. The clerk is also directed to replace any reference to "second petition" with "supplemental petition."

The Emergency Motions for Clarification, to Incorporation Petitions for En Banc-Panel Rehearing (Dkt. No. 176) filed December 10, 2024, are DENIED as unnecessary.

The Motion to Recuse Panel, Incorporate Past Recusal Motion Herein (Dkt. No. 177) filed December 23, 2024, is DENIED.

The Motion to Redact/Edit/Strike Parts of Appellee's Response Brief with Inflammatory Content if En Banc Hearing Granted (Dkt. No. 178) filed December 23, 2024, is DENIED.

The Notice of Fraudulent Filing of Petition for Rehearing En Banc (Not Authorized) Motion to Strike (Conditional) (Dkt. No. 179) filed December 26, 2024, is DENIED.

The Motion to En Banc Court to Edit/Redact/Strike Response Brief of Prejudicial and/or Inflammatory Content (Condition) (Dkt. 180) filed January 7, 2025, is DENIED as a duplicate motion.

The Emergency Motion to Fix Error Caused in Rehearing En Banc-Panel Petitions of Wrong Supplement Petition Submitted En Banc (or Circulated) Because of Fraudulent Forged Petition Dkt. 173, Accepted Dkt 174 (Dkt. No. 182) filed January 10, 2025, is DENIED as unnecessary.

The Motion to Order Court Clerk to Properly Submit Dkt. 171 (Petition for En Banc/Panel Rehearing Supplement) and to Circulate it to En Banc Court (Dkt. No. 183) filed January 10, 2025, is DENIED as unnecessary.

No further filings will be accepted in this closed appeal.

3

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30216 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00095-MO-1 |
| v. | |
| ANDREW FRANKLIN KOWALCZYK, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 5, 2024
Portland, Oregon

Before: GRABER, RAWLINSON, and SUNG, Circuit Judges.

Andrew Kowalczyk (Kowalczyk) appeals his conviction for nine counts of

sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a), 2251(e), and

2253. Kowalczyk challenges the district court's denial of his motions to suppress

evidence discovered during the searches of his luggage and his storage unit. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We review the district court's denial of a motion to suppress de novo and its factual findings for clear error." *United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023) (citation omitted).

**1.**     The district court did not err in denying Kowalczyk's motion to suppress evidence discovered during the search of his luggage.[1]  Contrary to Kowalczyk's contention, federal law governs our application of the inevitable discovery doctrine.  *See United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000) ("The general rule . . . is that evidence will only be excluded in federal court when it violates federal protections . . . and not in cases where it is tainted solely under state law.") (citations omitted).  Consequently, we will not exclude evidence that ultimately would have been discovered by lawful means, such as an inventory search.  *See Ruckes*, 586 F.3d at 719.

Still, Washington law has some relevance here.  Under federal law, an inventory search must comply with "the official procedures of the relevant state or local police department."  *Cormier*, 220 F.3d at 1111 (citation omitted).  And presumably, state police officers "follow [state] law as set forth by the state's highest court."  *United States v. Wanless*, 882 F.2d 1459, 1464 n.7 (9th Cir. 1989).

---

[1]  Because we conclude that the evidence would have been inevitably discovered during the officers' inventory search, we need not address the search made incident to Kowalczyk's arrest.  *See United States v. Ruckes*, 586 F.3d 713, 719 (9th Cir. 2009) (explaining that "a lawful alternative justification for discovering the evidence" can save an otherwise unlawful search).

Our understanding of the police department's policies is thus informed by Washington law. *See id.* at 1463-64 (evaluating an inventory search by looking to the "Washington State Trooper's manual" and to cases from the Washington Supreme Court); *see also Cormier*, 220 F.3d 1111 ("[A]n inventory search is only lawful under federal law if it also conforms to state law. . .").

Officers Kleffman and Pihl, and Detective Visnaw testified that the standard procedure of the Puyallup Police Department included checking for "contraband, valuables, and weapons." The officers reasonably believed that Kowalczyk's luggage contained a firearm. They had been informed that Kowalczyk had an "armed and dangerous warrant" from Oregon, and that he previously had possessed a handgun. Officer Kleffman also testified that he was concerned that if there was a gun in the luggage, it might accidentally discharge. Therefore, an inventory search of Kowalczyk's bags, conducted in accordance with the Puyallup Police Department's standardized policies and practices, would have revealed the evidence that Kowalczyk seeks to exclude. *See United States v. Andrade*, 784 F.2d 1431, 1433 n.3 (9th Cir. 1986) (explaining that "the inevitable discovery doctrine requires only that . . . the evidence *would* have been discovered inevitably" by an inventory search) (emphasis altered). And we are not convinced that such a search

would have violated Washington law.[2]  Because the inevitable discovery doctrine

"permit[ted] the government to rely on evidence that ultimately would have been

discovered," *Ruckes*, 586 F.3d at 718 (citation omitted), the district court correctly

denied the motion to suppress.

**2.**      The district court did not erroneously deny Kowalczyk's motion to

suppress evidence found during the search of his storage unit.  Kowalczyk argues

that the two-month delay between seizure of the storage unit and issuance of a

search warrant was unreasonable.  However, any error in admitting the evidence

discovered during the search of the storage unit was harmless given the amount of

other evidence that supported Kowalczyk's conviction.  *See United States v.*

*Sandoval-Gonzalez*, 642 F.3d 717, 725 (9th Cir. 2011) (explaining that

---

[2] Although state law plays a role in our analysis, it is not clear whether all of Washington law—including, for example, holdings pertaining to the rights guaranteed by the state constitution—controls.  But even assuming that the full extent of Washington's search-and-seizure law applies, the cases cited by Kowalczyk do not alter our conclusion.  *See, e.g.*, *State v. Houser*, 622 P.2d 1218, 1226–28 (Wash. 1980) (en banc) (evaluating whether the internal contents of a closed toiletry bag in the locked trunk of a vehicle could be inventoried); *State v. Dugas*, 36 P.3d 577, 580–81 (Wash. Ct. App. 2001) (concluding that police could impound an arrestee's jacket but could not open the closed container found in the pocket of the jacket when "there [is] no indication of dangerous contents").  We also note that decisions from the Washington Supreme Court regarding other types of searches undermine Kowalczyk's argument.  *See, e.g., State v. Brock*, 355 P.3d 1118, 1121, 1123 (Wash. 2015) (explaining that, under the state constitution, "personal items that will go to jail with the arrestee are considered in the arrestee's 'possession' and are within the scope of the officer's authority to search" during a search incident to arrest).

constitutional errors generally "do not require reversal if the court is able to declare a belief that it was harmless beyond a reasonable doubt") (citations, alteration, and internal question marks omitted).

**AFFIRMED.**